## JAMES F. MORGAN v. THE TERRITORY OF OKLAHOMA.

(Filed February 15, 1906.)

1. HOMICIDE—Indictment—Certainty. An indictment which charges a design on the part of the accused to affect the death of a "certain person whose name is to the grand jurors unknown" and the subsequent allegation of which refer to "said person" is sufficiently certain and specific in its description of the deceased.

2. SAME—Instructions not Erroneous. Where a defendant is charged with murder, and is convicted of manslaughter in the first degree, and there are instructions given properly defining and covering the law of murder and manslaughter, an instruction that if the jury "find from the evidence, beyond a reasonable doubt, that the defendant cut and stabbed the deceased with a knife, and killed him, and that he did so cut and stab, with a premeditated design to affect the death of the deceased," they should then "find the defendant guilty of murder", is not erroneous as excluding the theory of manslaughter in the first degree.

3. SAME—Evidence—Admissibility—Upon the trial for murder, where it appears that the injuries were inflicted by a certain kind of instrument or weapon, evidence that the defendant had such weapon in his possession before the killing, is admissible.

4. SAME—Instruction on Murder.—On a trial of an indictment for murder, where an instruction is given upon the subject of murder, and the verdict of the jury is for manslaughter in the first degree, the instruction cannot prejudice the defendant, and even though erroneous is not such error as will cause a reversal of the case.

5. SAME—Accomplice—Corroboration—Instruction. Where the evidence in a criminal case, on behalf of the Territory, sufficiently corrborates the evidence of an accomplice, and plainly shows the connection of the defendant with the commission of the crime; and where the defendant, when testifying in his own behalf, admits striking the blow, with the weapon that caused the death of the deceased, the giving of an instruction defining the rule of corroborating evidence, which is not technically correct but which is not misleading does not constitute error.

6. SAME—Instructions Requested—Refusal no Error. Where the trial court, in its general instructions sufficiently covers the propositions of law upon which the jury should be instructed, it is not error to refuse the instructions requested by the defendant, even though they correctly state the law upon the subject included therein.

(Syllabus by the Court.)

*Error from the District Court of Grant County; before James K. Beauchamp, Trial Judge.*

*A. W. Mackey* and *W. S. Denton,* for plaintiff in error.

*F. G. Walling, County Attorney,* for defendant in error.

Opinion of the court by

PANCOAST, J.: The plaintiff in error, James F. Morgan was tried in the district court of Grant county for murder, at the March term, 1904, of said court, and was convicted of manslaughter in the first degree, and sentenced to imprisonment in the territorial prison for a period of fifteen years; from which judgment of conviction he appeals, assigning numerous errors alleged to have been committed in the trial of said cause.

The first assignment is that the indictment is not sufficiently definite and certain. It seems that the name of the person killed was not known by the grand jurors, and they therefore referred to him as a person whose name was unknown to them. The first reference in the indictment to the deceased is "of a certain man whose name is to the grand jurors unknown," and a similar reference and statement is made in each instance in which the name of the deceased person is generally used, except in certain instances, in which reference is made to the deceased as "said person."

We cannot see but what this language is sufficiently definite and certain. There can be no question as to who is meant by the use of the words "said person," following the first statement that the name of the person killed was unknown to the grand jurors. In fact, we cannot well see how any other language could have been used that would make the language of the indictment more definite and certain in that regard.

The next assignment of error argued in the brief arises out of the fact of the admission of certain evidence that was allowed to be introduced, and then taken from the jury. At the trial, the court allowed one witness to be interrogated as to his knowledge of the defendant having carried a knife, and as to its description, and the time in which he knew of the defendant having owned such a knife, the time being recently before the homicide. After this evidence was allowed to go to the jury, it was then by direct instruction from the court withdrawn from their consideration.

It is claimed by the plaintiff in error that this evidence was incompetent and prejudicial, and after having been admitted and allowed to go to the jury, that the injury could not be cured by the court withdrawing it from the consideration of the jury.

First, we are not willing to concede that this testimony was incompetent; in fact, we think it was competent. The evidence shows that the homicide was committed by the use of some sharp instrument, such as a knife, the wound being a stab reaching from the front part of the breast in to the heart, and there was no dispute but what the wound must have been inflicted by a knife of the size of a good sized

pocket knife. The authorities are numerous to the effect that it is competent and relevant, in such cases, to show that the accused owned or had weapons in his possession, prior to or shortly after the commission of the crime, and there seems to be no exception to this rule. 12 Cyc., 339, and numerous authorities cited; *State v. Rainsbarger,* 37 N. W., 135.

But even if such testimony was not competent, can it be said that by the introduction of incompetent or irrelevant testimony in a criminal case, which is afterwards excluded and taken from the jury by the court, the court has committed such prejudicial error as will warrant a new trial or reversal by an appellate court? Certainly not, unless it was of such a character as would prejudice the defendant. If such be the case, then any error of the court in the trial of a case cannot be corrected, and as soon as the court has discovered that it has allowed incompetent or irrelevant testimony to be introduced, it would be useless to proceed further with the trial, because if prejudicial error has been committed, the court might as well at once stop the trial and proceed anew. For the general rule that error in the introduction of incompetent testimony, which is afterwards excluded by the trial court, is not such prejudicial error as will entitle the defendant to a new trial see 12 Cyc., 565, and cases cited; *State v. Baker,* 43 Kansas 253, 23 Pac. 47; *State v. Furbeck,* 29 Kans. 535.

The next assignment of error argued goes to the eleventh instruction of the court, which defines murder. No matter whether this instruction was correct or erroneous, it did not prejudice the rights of the defendant with the jury, because the verdict was for manslaughter in the first degree.

If the verdict in this case had been murder, this assignment would have been of sufficient importance to require investigation by us, but as the verdict was for manslaughter, the instructions defining murder are not material, and in no way affected the defendant to his prejudice.

The next assignment goes to an instruction given by the court to guide the jury in the consideration of certain testimony of an accomplice. The court as a part of this instruction stated:

"It is not necessary, however, that corroborative evidence should go so far as to establish by itself and without the aid of the testimony of the accomplice, the fact of the commission of the offense by the defendant. If the corroborating evidence tends in some degree to implicate and connect the defendant with any of the material facts which constitute a necessary element in the crime with which he is charged, it is sufficient."

It may be conceded for the purposes here, that this part of the instruction was not technically correct, and that it would have been better if the court had said:

If the corroborating evidence tends in some degree to connect the defendant *with the commission of the crime,* it is sufficient; instead of having stated:

"With any of the material facts which constitute a necessary element in the crime, it is sufficient."

The evidence of the Territory in this case shows that the corroborating evidence was ample, and plainly shows the connection of the defendant with the commission of the crime. Not only this, but the defendant when on the stand admitted striking the blow with the weapon which caused the death of the deceased, so that there could be no such con-

dition arise as where the jury could, under any circumstances, have erroneously considered the evidence of the accomplice. It is in cases where the jury may, in considering the evidence, exclude or disbelieve certain portions of it, and in so doing, the remainder being insufficient to connect the defendant with the commission of the crime, render it necessary for the court to guide them by its instruction upon the rules governing the testimony of an accomplice, or when it may and when it may not be considered by them.

If, then, in the case under consideration, there can be no condition arise in which the jury would be warranted in refusing to consider the evidence of the accomplice because of the corroborating evidence being insufficient to connect the defendant with the commission of the crime, the instruction with reference to the evidence of the accomplice would become almost, if not wholly immaterial, and even if erroneous, could not prejudice the rights of the defendant. In this case, there was no contradiction whatever of any of the Territory's witnesses, except by the defendant himself, who when upon the witness stand admitted, in substance, everything that had been testified to concerning his connection with the transaction, except that he claimed he struck the blow in self defense, having after getting into the altercation and being struck at by the deceased with a neckyoke, and believing himself to be in imminent danger of great bodily harm, opened his knife and stabbed the deceased.

The next assignment is as to instruction number thirty-three, defining the laws of self defense. We think this instruction correctly states the law, and counsel do not favor us with any reason why it does not, further than it is said:

"It is insisted that this instruction is erroneous and prejudicial to the plaintiff in error."

Again, it is claimed than instruction 34, in which the court speaks of the danger or apparent danger which would justify the defendant in killing the deceased in self defense, is erroneous, but it is not pointed out in what respect this instruction is not good, except that it is claimed the court should have given the defendant's instruction number 5, which was offered upon this subject. This instruction was only a part of what the court said upon this subject, and when taken in connection with numbers 30 and 31, it correctly states the law, and the subject being fully covered by the court, the instruction number 5, offered by the defendant, was properly refused.

The defendant at the trial submitted to the court a number of special instructions, from one to eight, inclusive. The court refused to give each and all of them, and upon this refusal, error is assigned. Most of these instructions correctly state the law, and had not the court covered the subject by its own general instructions, it might have been error to refuse some one or more of them; but in each instance the court covered the ground. The defendant's instruction number 1 was covered by the court's instruction number 1; the defendant's instruction number 3 was covered by the court's instructions numbers 25 and 29, which are almost in the identical words of those requested by the defendant. Defendant's instruction number 4 is not a correct statement of the law, and the substance was correctly embodied in the court's instruction number 24. Number

5 requested by the defendant was covered by the court's instructions 30, 31, 32, 33 and 34, and the ground was much more fully covered. The defendant's instruction number 6 was covered by the court's instruction number 2; number 7 likewise by the court's instruction number 39. Defendant's instruction number 8 was upon an immaterial subject, upon which there was no dispute, and a proposition well understood by all persons of ordinary intelligence.

This concludes all errors assigned that are argued in the brief. We might by way of general observation state that after a careful reading of the entire record in this case, we are led to the inevitable conclusion that the defendant was more justly dealt with than he was entitled to be; that in this case, as in many others, the jury hesitated, and hesitating, declined to render a verdict that would inflict the full measure measure of punishment that · should have been inflicted for the crime committed. We surmise that this was brought about because of the low moral standing of the deceased; at least, we can attribute it to no other cause. The evidence on the part of the Territory presented a strong case of murder to the jury; the defendant offered nothing in his own behalf except what fell from his own lips, and even taking that by itself, we cannot see how it could be construed into a case of justifiable homicide.

Having carefully examined the entire record, and having read the entire argument submitted by counsel, and being unable to detect any error in the record, and believing that the verdict was one warranted by the evidence, we decline to disturb it.

The judgment of the court below is therefore affirmed, and is ordered carried into execution.

Beauchamp, J., who presided in the court below, not sitting; all the other Justices concurring.