## W. S. O'NEAL v. STATE.

No. A-3033—Opinion Filed Feb. 17, 1920.

Rehearing Denied Jan. 15, 1921.

(187 Pac. 251.)

(Syllabus.)

1. EVIDENCE—Conspiracy. It is not error for the trial court to exclude evidence based upon the existence of a conspiracy, in absence of any proof that a conspiracy existed.

2. APPEAL AND ERROR—Instructions—Sufficiency. Instructions of the court submitted to the jury are to be considered as a whole; and, when so considered, if no prejudicial error appears, a reversal of a well-sustained verdict cannot be had on appeal.

*Appeal from District Court, Stephens County;*

*Cham Jones, Judge.*

W. S. O'Neal was convicted of manslaughter in the first degree, and he appeals. Affirmed.

*Womack & Brown* and *E. H. Bond,* for plaintiff in error.

*S. P. Freeling,* Atty. Gen., and *R. McMillan,* Asst. Atty. Gen., for the State.

ARMSTRONG, J. The plaintiff in error, W. S. O'Neal, hereinafter designated as defendant, was, together, with Gordon O'Neal, informed against jointly for the murder of Byron Norman, convicted of manslaughter in the first degree and sentenced to imprisonment in the penitentiary at McAlester for a term of 12 years. To reverse the judgment rendered on the verdict, he prosecutes this appeal.

It appears from the record that the defendant and Gordon O'Neal were jointly tried, but the verdict rendered

does not disclose the result of the trial as to Gordon O'Neal. This appeal is prosecuted alone by W. S. O'Neal.

The material evidence tends to show that some time prior to the homicide the O'Neal family and the Norman family lived close together and became bitter enemies, that many threats against each other were made, and serious difficulties arose between them, in which the deceased and the defendant were involved and in which firearms were used. On the day of the fatal difficulty the deceased and his father were in the town of Comanche, the scene of the homicide, but there is no evidence that at the time they were armed with pistols. On this day, and just prior to the homicide, the defendant and his brother Gordon O'Neal were in a bank in said town, and the deceased and his father passed along by the bank with their hands down, and without making any threats or demonstrations against the defendant or his brother, and just as the deceased and his father were about to pass the door of the bank, the defendant and his brother began shooting at them. The deceased and his father ran, and the defendant and his brother pursued them as they ran, firing some 8 or 10 shots at them. The deceased and his father went into Kinsey's store and the defendant and his brother discontinued shooting. Immediately after the shooting a physician was called to attend the deceased. He died in 10 or 15 minutes from gunshot wounds in his back and side.

There was evidence on the part of the defense that tended to show that just prior to the beginning of the shooting which resulted in the death of the deceased, the deceased and his father made demonstrations towards defendant that caused him to believe, and that he did be-

lieve, that it was necessary, and that he shot the deceased in self-defense.

There are numerous errors assigned in the petition in error, but only the following errors are assigned and argued in defendant's brief:

(1)  That the court committed reversible error in excluding legal evidence offered by the defendant.

(2)  That the court committed reversible error in certain instructions given the jury.

The errors assigned in the petition in error which are not assigned and argued in defendant's brief will be treated as abandoned and not reviewed.

The offered evidence excluded, and of which the defendant complains, was to threats made and acts done by Norman, father of deceased, towards defendant prior to the homicide, and as to statements made by him subsequent to the tragedy. We are of the opinion that, there being no evidence of a conspiracy on the part of the father of deceased and the deceased himself, the court did not err in excluding the offered testimony.

We have carefully considered the paragraphs of the instructions of which the defendant complains, and are impressed with the fact that the instructions complained of, when taken in connection with the entire instructions given the jury, as they must be, have not worked any injury to the defendant, nor have they deprived him of any constitutional or statutory right. Section 6005, Revised Laws.

If the defendant thought the instructions complained

of were erroneous or misleading, it was his duty to have asked correcting or explanatory instructions.

It is not contended in defendant's brief that the verdict of the jury and the judgment rendered thereon is not sufficiently supported by the evidence.

The record shows that a fair and impartial trial was accorded the defendant. He was skillfully defended in the trial court and represented with ability on this appeal. We think, instead of complaining, he should congratulate himself upon the punishment that was awarded him.

The judgment of the trial court is affirmed.

DOYLE, P. J., and MATSON, J., concur.