## ALVIN LITTLETON v. STATE.

No. A-3724.   Opinion Filed Sept. 17, 1921.
(200 Pac. 716.)

(Syllabus.)

1.  **Appeal and Error—Harmless Error—Rejection of Evidence.**
An error in the rejection of evidence is not ground for reversal,
unless, after an examination of the entire record, it appears
to this court that the same probably resulted in a miscarriage
of justice, or deprived defendant of a constitutional or statutory
right.

2   **Homicide—Trial for Murder—Conviction of Manslaughter—Instruc-
tion on Murder Not Prejudicial.** Where defendant is charged
with and tried for murder, and is convicted of manslaughter,
objections urged to instructions given upon the question of
murder will not be considered on appeal in the absence of a
showing that the appellant was injured thereby.

3.  **Same—Excessive Punishment—Modification of Sentence.** Where,
in the opinion of this court, after considering evidence, punish-
ment imposed appears excessive, and the result of passion and
prejudice, discretion to modify same will be exercised under
authority conferred by section 6003, Revised Laws 1910.

Appeal from District Court, McCurtain County; A. A.
McDonald, Judge.

Alvin Littleton was convicted of manslaughter in the first
degree, and sentenced to imprisonment for 35 years, and he
appeals. Judgment modified to imprisonment for 15 years,
and as modified, affirmed.

Etheredge & Arnett, for plaintiff in error.

S. P. Freeling, Atty. Gen., and E. L. Fulton, Asst. Atty.
Gen., for the State.

MATSON, J.  Alvin Littleton was informed against in
the district court of McCurtain county, charged with having,
an the 3d day of July, 1919, murdered one Frank Tassey by
shooting him with a shotgun. Trial was begun on the 10th
day of September, 1919, and concluded on the second day
thereafter, the jury returning a verdict of guilty of man-

slaughter in the first degree, and assessing the punishment at imprisonment in the state penitentiary for a period of 35 years.

In due time defendant filed a motion for a new trial, which was overruled, and exceptions saved to the ruling of the court thereon, and within the time allowed by law, and in the manner provided by law, an appeal was lodged in this court by filing herein petition in error with case-made attached.

It is first contended that the trial court .erred in sustaining the motion of the state to strike from the evidence a certain rock that had theretofore been admitted in evidence without objection. To the action of the trial court in striking this evidence, defendant at the time excepted.

The defense relied upon was self-defense and the undisputed evidence was to the effect that deceased was in the act of making an assault upon defendant with a certain rock at the time defendant shot and killed him. The wife of defendant, called as a witness in his behalf, was shown a certain rock which was found at the scene of the tragedy a few days after its commission, and she identified this rock to the best of her judgment as the one which deceased had in his hand and was in the act of throwing at defendant at the time defendant shot him.

The identification was not positive, but the witness testified that the rock in shape and size and appearance looked to be the rock that she saw in the hand of deceased at the time of the shooting. There was no controverting evidence on this issue, and we think that, having admitted the rock in evidence under such circumstances, the court was in error in afterwards striking this evidence from the jury's consideration. We think the better course to have pursued would

have been to let the evidence stand, leaving the sufficiency of the identification as a question for the jury under a proper instruction; but, in view of the fact that this rock was introduced in evidence, displayed to the jury, and inspected by the jurors, and in view of the further fact that there was no conflict in the evidence to the effect that deceased was in the act of making an assault upon defendant with a rock similar to this one, if not that identical rock, at the time defendant fired the fatal shot, we do not deem the commission of this error sufficiently prejudicial to defendant to authorize a reversal of this judgment.

Certain instructions of the trial court are complained of, the giving of which is alleged to be erroneous.

The first instruction complained of relates solely to the charge of murder. This court has repeatedly held:

Where defendant "is charged with and tried for murder, and is convicted of manslaughter, objections urged to instructions given upon the question of murder will not be considered upon appeal, in the absence of a showing that the appellant was injured thereby." Byars v. State, 7 Okla. Cr. 650, 126 Pac. 252; Morgan v. Terr., 16 Okla. 530, 85 Pac. 718.

We find no error in this instruction as applied to the evidence of defendant's guilt of the crime of murder, nor do we consider the giving of the same to have prejudiced or injured defendant in any way.

Further, it is contended that the court erred in refusing to give certain requested instructions.

An examination of the general charge of the court discloses that the law covered in the requested instructions is fully expounded in the charges given in a fair manner and as favorably to defendant as the evidence warranted.

Lastly, counsel for defendant insist, that the punishment inflicted is clearly excessive in the light of the evidence adduced against defendant. We think there is considerable merit in this contention. This difficulty took place on a bed in Little river, in McCurtain county, where defendant and deceased had gone to spend the Fourth of July. Both were farmers and neighbors, and the best of friends. Deceased was a man about 47 years old, and had a wife and several children; defendant was about 30 years old, and had a wife and two small children. They had never had any previous trouble with each other, and as far as the record discloses defendant had never been in any previous difficulty.

It is undisputed that prior to the fatal shot deceased had drawn a knife upon defendant, had assaulted him several times with large rocks about the size of a man's two fists, and was in the act of continuing such an assault at the time the fatal shot was fired. Both deceased and defendant had been drinking just previous to the difficulty. Deceased, in addition to assaulting defendant, had applied a vile and opprobrious epithet to him. While there is no conflict in the evidence as to deceased having made an assault upon defendant as above indicated, the jury evidently were of the opinion that defendant employed more force under the circumstances than reasonably appeared to him to be necessary in his defense.

The case was vigorously prosecuted, and resulted as above stated in a verdict fixing the punishment at 35 years' imprisonment in the penitentiary. At defendant's age this is practically equivalent to life imprisonment, and in the opinion of this court, after a full and careful consideration of the evidence, is excessive, and evidently the result of passion and prejudice on the part of the jury.

Under authority conferred upon this court by section 6003, Revised Laws 1910, we deem it our duty to modify the

judgment to provide imprisonment for 15 years instead of 35 years

It is therefore ordered and adjudged that the judgment be so modified, and as modified, be affirmed.

DOYLE, P. J., and BESSEY, J., concur.