## JOHN BERRY v. STATE.

No. A-3988. Opinion Filed Feb. 3, 1923.
Rehearing Denied April 21, 1923.
(213 Pac. 909.)

(Syllabus.)

1. **Homicide—Evidence Sufficient to Sustain Conviction for Shooting with Intent to Kill.** In a prosecution for shooting another with intent to kill, evidence held sufficient to sustain conviction, and that no material error was committed on the trial.

2. **Homicide—Self-Defense not Invocable by One Provoking Difficulty.** One who seeks and brings on a difficulty cannot shield himself under the plea of self-defense, however imminent the danger in which he finds himself in the progress of an affray.

Appeal from Superior Court, Okmulgee County; H. R. Christopher, Judge.

John Berry was convicted of shooting another with intent to kill, and he appeals. Affirmed.

E. M. Carter, for plaintiff in error.

The Attorney General and N. W. Gore, Asst. Atty. Gen., for the State.

DOYLE, J. This is an appeal from a judgment of the superior court of Okmulgee county sentencing the defendant to a term of one year in the penitentiary. Omitting formal parts, the information upon which the judgment of conviction is based charges:

"That the said John Berry, at and in the county of Okmulgee, and state of Oklahoma, on the said 10th day of November, 1917, with a certain pistol, which he, the said John Berry, then and there in his hands had and held, unlawfully, willfully, feloniously, and intentionally shot one John Bodzek, with the unlawful and felonious intent him, the said John Bodzek, unlawfully, willfully, feloniously, wrongfully, and intentionally to kill, contrary to," etc.

The errors assigned are, in effect, that the verdict of the jury is contrary to the law and the evidence, and that the court erred in admitting incompetent, irrelevant, immaterial, and prejudicial evidence over the objections of the defendant. The defendant is not represented by counsel in this court, and no brief in support of the assignments of error has been filed.

The record shows that the difficulty which led to the shooting arose over the removal of a fence on John Bodzek's lot in the town of Schulter.

Mary Bodzek testified:

That her father dug a well about 80 feet from the house, and was fixing the fence around the well when John Berry came up and said to her father, "Tear that fence down right now, or I will shoot you;" that Berry had a pistol in his hand, and shot her father, and her father ran towards the house, and Berry shot him again; that her father called to her to bring him his gun, and she ran into the house and brought out the gun, and her father fainted.

John Bodzek testified:

"I had trouble with John Berry about my well; his wife came over there and broke the lock; he came over there that day when I was fixing the fence, and told me to tear it down, or he would shoot. I said, 'It is none of your business,' and he shot me. The bullet went through my finger; I ran, and he shot me again; the bullet went through my leg. I had a hammer and a pair of pinchers in my hand, and I had an axe there to make posts, and it was lying on the ground; before I reached the house I fainted from loss of blood."

As a witness in his own behalf John Berry testified:

"I live across the street from John Bodzek; he was repairing the fence and building a new fence part of the way; I went there, and he was working on a post with an axe; I said, 'John, what do you mean by fencing the street so I can't get out?' He said, 'None of your business; I will kill you,' and he started to throw the axe; I said, 'If you throw that axe at me I will shoot you;' he started to run to the house, and said, 'Mary, bring the gun quick;' the little girl reached him the gun, and as he started to raise the gun I shot him; he jumped behind a blackjack snag, and I fired two more shots; he did not fire the gun, but he tried to."

No exceptions were taken to the instructions given, and they fully cover the law of the case. We think the evidence showed him guilty beyond any reasonable doubt. Assuming that the defendant had the right to remonstrate with John Bodzek against fixing the fence, he had no right to resort to violence in order to prevent its erection, and, on the well-settled doctrine that a party who seeks and brings on a difficulty cannot avail himself of the right of self-defense, we think the defendant's guilt is shown by his own testimony. We are unable to discover any error in the admission of evidence.

Upon an examination of the whole record we have discovered no material error. The judgment of the trial court is therefore affirmed.

MATSON, P. J., and BESSEY, J., concur.