## WATSON NED v. STATE.

No. A-4722.   Opinion Filed March 14, 1925.
(233 Pac. 1096.)

(Syllabus.)

1.   **Trial—Refusal of Requested Instructions Covered by Given Instructions not Error.** It is not error for the trial court to refuse to give a requested instruction, although it may be a correct statement of the law, if the principles therein contained are covered by the given instructions of the court.

2.   **Same—Sufficiency of Instructions as Whole.** The instructions must be considered as a whole, and when considered together, if they fairly and correctly state the law applicable to the case, they will be sufficient.

Appeal from District Court, Marshall County; George S. March, Judge.

Watson Ned was convicted of manslaughter, and sentenced to a term of seven years in the state penitentiary, and he appeals.   Affirmed.

Minter & McClendon and Joe Ratliff, for plaintiff in error.

George F. Short, Atty. Gen., and Leon S. Hirsh, Asst. Atty. Gen., for the State.

EDWARDS, J.   For brevity, the plaintiff in error will be referred to as defendant. An information was filed charging defendant with murder in causing the death of Newt Ritter on the 9th day of December, 1920, and the record discloses that the deceased, Newt Ritter, and his uncle, Will Ritter, were agents of the Singer Sewing Machine Company, and went to the home of the defendant for the purpose of collecting the balance owed by the defendant on a sewing machine, but while at the home of the defendant a quarrel over a settlement of balance on the machine arose, and Newt Ritter and Will Ritter were shot and killed by the defendant.   The defense is that the shooting was done to protect the home of the defendant from invasion

by the two Ritters, and, further, that at the time of the shooting they were making an assault upon him, and that he shot in self-defense. This is a companion case to the case of Ned v. State, 28 Okla. Cr. 419, 231 P. 550.

The only errors assigned relate solely to the instructions, and it will not be necessary to go into the facts at any great length. Counsel for defendant in their brief concede that the testimony was such as would sustain a verdict either for or against the defendant.

The first assignment of error is that the court erred in failing to give defendant's requested instruction No. 1, which is:

"Gentlemen of the jury, you are instructed what is or is not an overt action; that what act upon the part of the person slain will justify the person taking his life varies with the circumstances of each particular case. Under some circumstances the slightest movement may justify instant action on the part of the person threatened with danger, upon the ground of reasonable apprehension of danger. Under other circumstances this might not be true, and it is for the jury viewing the facts and circumstances in evidence from the defendant's standpoint to determine how this may be in each case."

The requested instruction was correct in form and substance in a case where warranted by the evidence. Watkins v. U. S., 1 Ind. T. 364, 41 S. W. 1044; Allison v. U. S., 160 U. S. 203, 16 S. Ct. 252, 40 L. Ed. 395.

The requested instruction should have been given, unless the substance was covered by the general charge of the court.

In the case of Green v. U. S., 2 Okla. Cr. 55, 101 P. 112, a case transferred to this court from the Indian Territory after statehood, the court held a request in the identical language to correctly state the law applicable to the facts in that case, and it was not covered by any other charge of the court. This error in that case, along

with various other errors, was sufficient to reverse that case. That was a case in which it was claimed threats had been made and communicated to the defendant, and the court held the jury were told the conditions which would not justify the defendant in shooting deceased, but were nowhere told the conditions under which the defendant would be justified in acting upon the appearance of the danger.

It is obvious that, where in a homicide case, the person slain is a violent or dangerous character, or where threats are made and communicated of an intent on the part of the person slain to injure a person, the threatened person having in mind the threat ordinarily would be more likely to act on an appearance or apparent appearance of danger, that is, on a less significant overt act, than would a person where no threats had been made or communicated. The requested instruction in the latter case would not have the significance that it would have in the former. In this case there was no previous acquaintance, nor difficulty; there were no threats, either uncommunicated or communicated. In the court's charge the jury are informed of the conditions under which the defendant would be justified. No. 14 of the court's charge is in part as follows:

"* * * And you are therefore instructed that, if you believe from the evidence, or have a reasonable doubt thereof, that the said Newt Ritter, at the time and place mentioned in the information, made an assault, that is, made a willful and unlawful attempt or offer with force or violence to do the defendant a corporal hurt, which led the defendant, as a reasonable man, situated as he then was, to believe that the said Newt Ritter was about to kill him or to do him some great personal injury, and that the defendant did honestly and really believe that he was in imminent danger of losing his life or receiving some great personal injury at the hands of said Newt Ritter, and that the defendant, under such circumstances and conditions, then and there shot and killed the said Newt Ritter in order to so

protect himself from such apparent imminent danger of being killed or receiving some great personal injury at the hands of said Newt Ritter, and that he did not use more force than reasonably appeared to him to be necessary to so protect himself from the assault of said Newt Ritter, then and in that event the shooting and killing of said Newt Ritter by the defendant was justifiable, and in that event you should acquit the defendant, and so say by your verdict."

And in No. 14½ they are further told:

"* * * And if you find that the defendant was attacked by the deceased, Newt Ritter, or by the other Ritter if they were acting in concert, or have a reasonable doubt thereof, in such manner and under such circumstances as to furnish reasonable grounds for apprehending a design to take his life by the said Newt Ritter, or to do him some serious and great bodily injury, and there was reasonable grounds for believing the danger imminent, and that such design would then and there be accomplished, and that the defendant had reasonable grounds to believe and did believe such danger was then and there imminent, he had the right under such circumstances, to act upon appearances, and without retreating, and to use such force as reasonably appeared to him necessary to protect himself from the attack of said Newt Ritter. And if you so find, or have a reasonable doubt thereof, you should resolve that doubt in favor of the defendant and acquit him."

These instructions stating the conditions which would justify the defendant cured the error of the court in refusing the requested instruction.

The next contention is that the court erred in refusing defendant's request No. 2, which is as follows:

"Gentlemen of the jury, you are further instructed that the defendant, if he is where he has a right to be, is not required under our law to run from his aggressor, but has the right to stand his ground and resist any assault or attack with such force as he deems necessary as a reasonable man, and, in determining whether or not the said defendant deemed it necessary to shoot the said Newt Ritter, you should view the facts and circumstances from the de-

fendant's standpoint, and as it appeared to him at the time of the fatal difficulty."

Both the right to stand and defend and the viewing of the circumstances from the defendant's standpoint as stated in this instruction are embodied in the court's general charge. In that part of No. 14½ quoted above the jury are told that the defendant had a right to act upon appearances, and, without retreating, to use such force as really appeared to him necessary to protect himself; in No. 17 of the court's charge the jury are told that all the facts and circumstances must be viewed from the standpoint of the defendant, which instructions covered fully the request of the defendant on these points.

It is then contended that No. 14½ is erroneous, in that it is contradictory, incomplete, vague, and misleading. A part of 14½ has been quoted above, and it correctly states the law on the right of a defendant to stand and defend without retreating, and that part not quoted states the law on defense of domicile, and, while it is not a model instruction, there is no substantial error in giving it.

It is well settled that the instructions are to be considered as a whole, and when considered all together, if they fairly and correctly state the law applicable to the case, they will be sufficient. In the light of the testimony in the case, and particularly the testimony of the defendant, and of the estire record, it appears that the defendant was fairly tried, his guilt conclusively established, and there is no such error as would prejudice his substantial rights. The case is affirmed.

BESSEY, P. J., and DOYLE, J., concur.