# M. A. BAILEY v. STATE.

No. A-6706.   Opinion Filed August 17, 1929.
Rehearing Denied September 28, 1929.
(280 Pac. 633.)

Sigler & Jackson, for plaintiff in error.

Edwin Dabney, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

CHAPPELL, J.  M. A. Bailey, plaintiff in error, hereinafter called defendant, was convicted in the district court of Carter county, for the crime of manslaughter in the first degree, and sentenced to serve a term of four years' imprisonment in the state penitentiary.

The defendant killed his brother-in-law, William Hunt, on the 2d day of May, 1926, on a public road southwest of the city of Wilson, on the highway between the city of Wilson and the town of Orr.   It appears from the evidence of the state that Hunt was traveling north, and in the car with him were his wife and Bailey's wife, who was Hunt's sister, and two of Bailey's children.   In

the car with Bailey, who was traveling south, was one Buggs Thompson, who was the brother of Hunt's wife. It appears from the testimony that Bailey and his wife, and perhaps Hunt and his wife, had been having some domestic trouble, and that Bailey had formed quite an attachment for Hunt's wife, and on the day of the tragedy had left his wife and children at home, and had taken Hunt's wife to her father's home, knowing that Hunt had left his home on the night before.

It appears from the evidence that there was considerable ill feeling between Bailey and Hunt on the day of the tragedy, when Hunt found his wife in Bailey's company at her father's place, and also found Bailey's wife on the road, walking from her home to her father's home. This family difficulty was no doubt the moving cause of the shooting. According to the testimony of Buggs Thompson, who was riding with Bailey at the time of the shooting, when the cars met on the public highway, Bailey said for Hunt to get out of the car, and he (Bailey) would whip him; that Hunt, starting to get out of the car, stepped out on the fender, and Bailey shot him twice, once in the face and once in the stomach; that, following the shooting, Hunt crawled under his automobile and across the road under the fence onto one Chastain's place; and that then Bailey turned his car around and drove away.

According to the defendant's testimony, as soon as these cars met on the highway, Hunt motioned for him to stop, which he did; that Hunt then muttered something, and started to jump out of the car toward him, and did jump out on the ground, and said he was going to kill the defendant, and reached toward his hip pocket; and that he (Bailey) then did shoot Hunt twice. The

trial court instructed the jury on the law relative to murder, manslaughter in the first degree, and justifiable homicide in self-defense. The jury, under the evidence and instructions of the court, found the defendant guilty of manslaughter in the first degree.

The defendant first complains that the court erred in admitting in evidence parts of certain dying declarations made by the deceased. The court sustained an objection to that part of the evidence of the witness Wicker, the Baptist minister, who talked with the deceased shortly after he was shot. The defendant claims that the court erred in admitting certain portions of the dying declarations, for the reason that the same contained statements disconnected from the cause and circumstances immediately attending the homicide, which said statements only tended to disclose the motive or provocation for the killing, and to show a state of hostility between the defendant and the deceased.

The defendant in his brief cites the case of Goss v. State, 24 Okla. Cr. 383, 218 Pac. 339, 342.

In that case this court said:

"We conclude, therefore, that, notwithstanding the improper admission of this part of the dying declaration, the jury were not misled, but were in possession of all the facts indicating that the defendant in reality had nothing to do with the domestic troubles of the deceased. Under such circumstances the error was manifestly not prejudicial. Section 2822, Comp. Stat. 1921."

In Horton on Homicide (3d Ed.) p. 991, the author lays down the following rule:

"Nor is a conviction reversible because of the erroneous admission of a dying declaration which was irrelevant in whole or in part, where the other evidence in the case

fully warranted the conviction." State v. Murphy, 9 Nev. 394; Peoples v. Com., 87 Ky. 487, 9 S. W. 509, 810.

In the case of White v. State, 34 Okla. Cr. 424, 246 Pac. 1114, this court said:

"A judgment of conviction will not be reversed on the ground of improper admission or exclusion of evidence, unless after an examination of the entire record it appears that there has probably been a miscarriage of justice or a substantial violation of some constitutional or statutory right of the defendant."

The evidence in this case on the part of the state is amply sufficient to sustain a verdict of guilty of murder. The jury evidently did not believe the defendant's evidence that the homicide was actually committed in self-defense, and must have disregarded the statements objected to in the dying declaration in arriving at the verdict of guilty of manslaughter in the first degree.

Defendant also contends that the trial court erred in permitting proof that the defendant and his wife were living apart at the time of the commission of this homicide. We find no direct proof in the record of any such fact. The wife testified that the defendant left her the night before, and had not returned to her home at the time this homicide was committed. All this evidence as to family relationships was proper, as bearing on the defendant's frame of mind and his feeling toward the deceased, in view of the defense of self-defense interposed by him. The answers of defendant's wife to these questions was more favorable to the defendant than the answers he made himself to similar questions.

It is next contended that the court erred in giving certain instructions that tended to place the burden on the defendant of establishing his innocence. The first

instruction complained of is No. 9. This instruction relates to the circumstances under which the jury could find the defendant guilty of murder, and inasmuch as the jury only found the defendant guilty of manslaughter, he will not be heard to complain of any instruction relative to murder. This court has repeatedly held that an assignment of error based upon an instruction of the court bearing on the question of the guilt or innocence of a person on trial of murder is of no avail, when the jury return a verdict finding such person guilty of manslaughter and not of murder. Duncan v. State, 11 Okla. Cr. 217, 144 Pac. 629; Tinney v. State, 19 Okla. Cr. 126, 201 Pac. 819; Logan v. State, 42 Okla. Cr. 294, 275 Pac. 657.

Complaint is also made of instruction No. 10, which relates to the circumstances under which the defendant could be convicted of manslaughter. This instruction must be considered in connection with the instructions given by the court on the question of self-defense. The instructions as a whole cover the law of the case, and are as favorable to the defendant as the facts warrant. O'Neal v. State, 18 Okla. Cr. 310, 194 Pac. 261; Murnand v. State, 18 Okla. Cr. 426, 195 Pac. 787; Moore v. State, 25 Okla. Cr. 118, 218 Pac. 1102; Ned v. State, 29 Okla. Cr. 389, 233 Pac. 1096.

The errors complained of being without sufficient merit to justify a reversal of the case, and the evidence being sufficient to support the verdict of the jury, the cause is affirmed.

EDWARDS, P. J., concurs.

DAVENPORT, J., absent.