## ERNEST REYNOLDS v. STATE.

No. A-7368. Opinion Filed Aug. 29, 1930.
Rehearing Denied Nov. 19, 1930.
(292 Pac. 1046.)

Joe S. Eaton and Hepburn & Hepburn, for plaintiff in error.

J. Berry King, Atty. Gen., and Edward Crossland, Asst. Atty. Gen., for the State.

CHAPPELL, J.   Plaintiff in error, hereinafter called defendant, was convicted in the district court of Okmulgee county on a charge of exposing one Leitha Rosenburg to the disease of gonorrhea, and his punishment fixed by the jury at imprisonment in the penitentiary for the period of five years.

The evidence of the state was that the defendant was considerably older than the complaining witness, Leitha Rosenburg, who when sixteen years of age met the defendant and began keeping company with him and had sexual intercourse with him.   That in March, 1927, the defendant had intercourse with complaining witness and infected her with the disease of gonorrhea.   That he got medicine for her and finally took her to Dr. Bolinger to be treated by him.   Other witnesses for the state testified that defendant admitted to them that he had exposed the prosecuting witness to this venereal disease, and that she had contracted such disease as a result of his exposing her to same.

Defendant first contends that the information is insufficient to charge an offense under the laws of the state. Section 9008, C. O. S. 1921, reads as follows:

"Any person who shall, after becoming an infected person and before being discharged and pronounced cured by a reputable physician in writing, marry any other person, or expose any other person by the act of copulation or sexual intercourse to such venereal disease or to liability to contract the same, shall be guilty of a felony and upon conviction shall be punished by confinement in the penitentiary for not less than one (1) year or not more than five (5) years."

Under this section there may be any one of three offenses: First, the infected person may marry the other person; second, the infected person may expose the other person by the act of copulation or sexual intercourse to such venereal disease; and, third, the infected person may expose another person to liability to contract such disease.

The information charges that the defendant exposed and communicated the venereal disease of gonorrhea and syphilis to the prosecuting witness. In the trial of the case the state elected to ask for a conviction upon the charge of exposing and communicating the disease of gonorrhea. While the word "communicate" is not a part of the statute, yet it would not be possible to communicate the disease of gonorrhea by sexual intercourse without exposing the infected person to such disease. The word "communicate" will be treated as surplusage.

The rule with regard to information is stated in Warren v. State, 24 Okla. Cr. 6, 215 Pac. 635; Pope v. State, 24 Okla. Cr. 215, 217 Pac. 498.

Defendant next complains that the trial court erred in admitting incompetent testimony. There was incompetent testimony admitted by the trial court, but it is not of such a nature as would require a reversal of the case. The admission of incompetent evidence is not ground for reversal, unless it affirmatively appears from the record

that the appellant was injured thereby. Byers v. Territory, 1 Okla. Cr. 698, 100 Pac. 261, 103 Pac. 532; Littleton v. State, 19 Okla. Cr. 461, 200 Pac. 716; Mayse v. State, 38 Okla. Cr. 144, 259 Pac. 277.

The evidence of the defendant was that the prosecuting witness was a woman of loose character. Several witnesses testified to continued acts of intercourse of the prosecuting witness with men other than the defendant. The doctor called by the defendant to treat the prosecuting witness testified that in 1927, when the defendant brought her to his office, she was suffering with the disease of gonorrhea. That the next year the prosecuting witness came back, and an examination revealed that she was suffering with the disease of syphilis, and that doctor also testified that in his examination of the defendant he found that the defendant was not infected with the disease of syphilis.

While the evidence on the part of the state is sufficient to support a verdict of guilty, the character of the prosecuting witness, the manner in which the trial was conducted, and the errors complained of by the defendant, while not sufficient to require a reversal of the case, do require a modification of the sentence, in the furtherance of justice.

For the reasons stated, the punishment is reduced from five years in the penitentiary to one year in the penitentiary and, as modified, the cause is affirmed.

EDWARDS, P. J., and DAVENPORT, J., concur.