EDDIE McELWEE v. STATE.

No. A-7618.  Opinion Filed Dec. 13, 1930.
(294 Pac. 214.)

Ira J. Banta and Hill & Hargrave, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

CHAPPELL, J.  Plaintiff in error, hereinafter called defendant, was convicted in the district court of Seminole county of the crime of manslaughter in the first degree, and his punishment fixed by the jury at imprisonment in the state penitentiary for 30 years.

The defendant contends first that the court erred in its instructions to the jury.

The instructions complained of are lengthy, and it would serve no good purpose to set them out. It is suf-

ficient to say that they were the usual instructions given where the charge is murder.

The trial court instructed the jury on the law relative to murder, manslaughter in the first degree, and justifiable homicide in self-defense. Counsel rely wholly on the giving of the instructions complained of as grounds for reversal of this judgment. Each of the instructions complained of is wholly upon the question of the guilt or innocence of the defendant of the crime of murder; none of them is on the subject of that degree of felonious homicide known to our laws as manslaughter in the first degree.

Where defendant is charged with and tried for murder, and is convicted of manslaughter, objections to the instructions given upon the question of murder will not be considered on appeal, in the absence of a showing that the appellant was injured thereby. Byars v. State, 7 Okla. Cr. 650, 126 Pac. 252; Duncan v. State, 11 Okla. Cr. 217, 144 Pac. 629; Elliott v. State, 18 Okla. Cr. 230, 194 Pac. 267; Littleton v. State, 19 Okla. Cr. 461, 200 Pac. 716; Logan v. State, 42 Okla. Cr. 294, 275 Pac. 657.

In Bailey v. State, 44 Okla. Cr. 193, 280 Pac. 633, this court said:

"The defendant will not be heard to complain that an instruction on murder is erroneous, where the jury finds the defendant guilty of manslaughter in the first degree."

In the case at bar the instructions complained of fall squarely within the rule laid down in Bailey v. State, supra, and the other authorities cited. The giving of the instructions complained of was not error.

The defendant next contends that the punishment assessed by the jury is excessive.

The Attorney General in his brief says:

"Counsel for the defendant suggest that if this court believes that the alleged errors complained of in their brief are not considered sufficient to cause a reversal of the judgment that the same should be modified because plainly excessive. We think there is some merit in this contention. This shooting took place on the home premises of this defendant. Defendant at the time was a negro 24 years of age who had never before had any serious trouble and who bore a good reputation for peace and as a law abiding citizen. Shortly prior to the fatal shooting the deceased had assaulted the defendant and in such assault the wearing apparel of the defendant was badly torn. The deceased had been drinking previous to the difficulty and had followed the defendant on to his home premises after defendant says he told him to stay off.

"While there is considerable conflict as to what occurred at the time of the shooting and while the jury evidently discarded the defendant's theory yet the fact remains that the defendant was on his home premises and the deceased could easily have avoided any further trouble with the defendant by keeping away from him and not following him to his house.

"While the defendant fled after the shooting he did give himself up about three months later when assured he would be allowed bail and being an ignorant negro his flight was more attributable perhaps to ignorance and fear than to any consciousness of guilt on his part.

"The case was vigorously prosecuted and resulted in a verdict fixing the punishment at 30 years' imprisonment. If the defendant should live to serve out the full term he would leave the penitentiary a comparatively old man without incentive or opportunity to make of himself a law-abiding or useful citizen.

"The Attorney General therefore believes that this court would not go amiss by modifying this judgment to the extent of reducing the punishment to a term of 15 or 18 years."

There appears to be merit in the suggestion of the Attorney General. The ends of justice will be served by reducing the punishment from 30 years in the penitentiary to 15 years in the penitentiary.

For the reasons stated, the judgment is modified, and the punishment reduced to 15 years in the penitentiary, and, as modified, the same is affirmed.

EDWARDS, P. J., and DAVENPORT, J., concur.