### THEODORE GROSS v. STATE.

No. A-7767. Opinion Filed March 28, 1931.
(297 Pac. 309.)

Billingsley & Stanley and Ira J. Banta, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

CHAPPELL, J.   Plaintiff in error, hereinafter called defendant, was convicted in the district court of Seminole county of the crime of manslaughter in the first degree, and his punishment fixed by the court at imprisonment in the state penitentiary for 20 years.

The evidence of the state was that the deceased was employed by defendant, and that a difficulty arose between them over money matters; that during the difficulty

defendant struck at deceased with a chair and that deceased was escorted out of defendant's premises; that defendant followed deceased from the back room into the front room and threw two soda pop bottles at deceased as he was going out the front door; that defendant followed deceased out of the premises and continued to assault him with the ice pick; that after deceased had fallen to the ground defendant stooped over him, while he was prostrate on the ground, and stabbed him several times in the breast with the ice pick; that at the time defendant was placed under arrest, immediately after the infliction of the fatal wounds, and before defendant knew that he had killed the deceased, and while he still had the ice pick in his hand, defendant stated to the officers that the pick was the instrument with which he had assaulted the deceased, and that, if he thought he had not done a good job by killing him, he would go back and finish him up; that deceased died in a local hospital shortly after the assault.

Defendant denies that he brought on this difficulty, and contends that the deceased assaulted him, and that all he did was done in his own self-defense.

Defendant contends first that the court erred in instruction No. 5 given to the jury.

This instruction bears upon defendant's guilt of the crime of murder and sets out a state of facts which, if believed by the jury beyond a reasonable doubt, would justify the jury in finding the defendant guilty of murder. It has no bearing upon the question of defendant's guilt or innocence of the crime of manslaughter, of which he was convicted.

This court has held that, where one is charged with murder and convicted only of manslaughter, instructions

bearing on the question of his guilt or innocence of murder will not be considered on appeal in the absence of a showing that the defendant was injured thereby. Byars v. State, 7 Okla. Cr. 650, 126 Pac. 252; Elliott v. State, 18 Okla. Cr. 230, 194 Pac. 267; Littleton v. State, 19 Okla. Cr. 461, 200 Pac. 716; McElwee v. State, 49 Okla. Cr. 325, 294 Pac. 214.

It is also contended in connection with the argument made against this instruction that, when it is considered with instructions numbered 14 and 15, bearing on self-defense, it will be seen that the defendant was prejudiced of his right of self-defense by the giving of instruction No. 5. It is a cardinal principle that one who invokes the right of self-defense must, himself, be without fault in bringing on the fatal difficulty. Evans v. State, 8 Okla. Cr. 78, 126 Pac. 586; Wadsworth v. State, 9 Okla. Cr. 84, 130 Pac. 808; Larry v. State, 10 Okla. Cr. 340, 136 Pac. 596, 597; Beason v. State, 18 Okla. Cr. 388, 195 Pac. 792, 795; Berry v. State, 23 Okla. Cr. 223, 213 Pac. 909.

It would be a manifest travesty of justice for the court to leave the impression with the jury that a person could himself bring on a fatal difficulty and then be permitted to invoke the law of self-defense without in good faith withdrawing therefrom. In instruction No. 5 the trial court told the jury a state of facts which, if believed, disclosed that the defendant did not withdraw from the difficulty after he entered into it, but pursued the deceased until he slayed him. Such a state of facts certainly would deprive the defendant of the right to invoke the law of self-defense.

When instruction No. 5 is considered in connection with the facts and circumstances of the case and in connection with instructions numbered 14 and 15, it clearly states

the law and is as liberal to the defendant as the evidence requires.

It is next contended that the trial court erred in permitting the state to read the transcript of the testimony of one N. E. Greer given at the preliminary examination without requiring the state to establish a proper predicate for the admission of this class of evidence.

On objection of defendant to the reading of the transcript of the evidence of the absent witness, Greer, it was made to appear by the state that at the preliminary examination the witness Greer was present and testified and was cross-examined by the defendant's counsel; that in a former trial of the case it was shown that the witness Greer was absent and beyond the jurisdiction of the court, and at such trial the state was permitted to read the transcript of Greer's evidence taken at the preliminary to the jury. For some reason not made clear in the record, there was a mistrial, and the case was set down and called for trial regularly at another term of court; that in the meantime the state had had a subpoena issued for the witness Greer; that, at the request of the county attorney, the sheriff and the evidence man out of the county attorney's office had made a personal search for the witness and had been unable to find him within the jurisdiction of the court; that the transcript of the evidence taken at the preliminary examination and introduced in the former trial was a part of the case-made, and such part of the case-made with the transcript and showing made at the time was offered in evidence by the state for the purpose of establishing the authenticity of such transcript. Upon this showing the court permitted the state to read the transcript of the evidence of the witness Greer, and defendant now contends that is was reversible error to per-

mit such evidence to be read to the jury, because no proper showing of diligence had been made.

This court has held in cases similar to the one at bar that this showing was sufficient to entitle the state to read the transcript of the evidence in the trial. Fitzsimmons v. State, 14 Okla. Cr. 80, 166 Pac. 453; Weil v. State, 47 Okla. Cr. 88, 287 Pac. 752.

It further appears from the record that the facts testified to by the witness Greer at the preliminary examination were proved by other witnesses who were present and testifying in behalf of the state in the trial of the case.

Under the showing made by the state, it was not error for the trial court to permit the reading of the transcript of the evidence of the absent witness, Greer.

The evidence of the state being sufficient to support the verdict of the jury, and the errors of law complained of being without substantial merit, the cause is affirmed.

DAVENPORT, P. J., concurs. EDWARDS, J., absent, not participating.