Elmer CALDWELL, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–13144.

Court of Criminal Appeals of Oklahoma.

July 3, 1962.

Warren H. Crane, Lawton, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

NIX, Presiding Judge.

Plaintiff in error, hereinafter, referred to as the defendant, was charged by information with the crime of Burglary Second Degree. He was tried before a jury who fixed the punishment at two (2) years in the State Penitentiary.

Defendant appeals to the Court relying upon four assignments of error for reversal. First, the defendant contends that the court erred in failing to sustain a demurrer to the evidence. Second, that the court erred by giving Instruction No. 5. Third, that the court erred in failing to give defendant requested instruction. Fourth, the trial court erred in permitting the state to introduce evidence that was illegally obtained. The questions will be discussed in the order in which they are presented.

It will be necessary for a brief discussion of the testimony to settle the first assertion of error. The record discloses that on the 11th day of July, 1961, Mrs. Jay Assiter

parked her car in the office parking lot in back of 525 "C" Street, in the City of Lawton, Oklahoma. She went to work and upon returning to her car she found the latch on one door partially open and the glove compartment open. That upon driving home, she noticed a bowling ball rolling around in the back of the car, and upon looking, she then noticed a bowling ball bag, shoes, a convertible boot, flash light, and tools were missing from the car. Jackie Johnson testified that he went down and closed the window of Mrs. Assiter's car because of rain about 2:30 or 3:00, and at the time, the doors were closed and he did not notice the glove compartment being open. Officer White testified, after going on duty about 5:00, while patrolling, he passed the defendant who was carrying a bowling bag, and had some tools sticking out of his hip pockets. Officer White stopped his car, called the defendant over, and made inquiry about the articles in the following manner:

"I asked him if those were his and he said they were, and he stated to me they weren't stolen. And I asked him to look at the items which he allowed me to do; and I asked him again where he got them and he said, "I found them in an alley". And I questioned him as to where the alley was, and he would never say definitely in which alley he found them."

Defendant was taken to the police station and the property listed on property receipt, and shortly thereafter a call came to the station identifying them.

Plaintiff in error contends that the evidence was insufficient to find the defendant guilty.

▆ The evidence clearly shows that Mrs. Assiter's car was entered between 3 and 5 o'clock and certain articles stolen. About 5 o'clock the defendant was apprehended 3 blocks from the vehicle. He was taken to the police station and the articles identified as the ones taken from Mrs. Assiter's car. Defendant had difficulty in explaining where he got the articles. He first said they were his, then he said he found them in an alley but could not say which alley. It had been raining and the articles were dry. It is true that no one saw the defendant enter the car, but it is seldom that people who are prone to commit such crime carry eye-witnesses around with them. It was said in the case of Farley v. State, 93 Okl.Cr. 192, 226 P.2d 1002:

"The burden of proving the truthfulness of his possession was on defendant, and even though his explanation of his possession was reasonable, yet the truthfulness of the explanation given was for the jury to decide."

The jury was instructed in Weber v. State, 29 Okl.Cr. 55, 232 P. 446:

"The jury is instructed that the possession of stolen property recently after the larceny thereof, when unexplained, may be sufficient to warrant the jury in inferring the guilt of the party in whose possession it is found. Whether such inference should be drawn is a fact exclusively for the jury."

In Hart v. State, 61 Okl.Cr. 224, 67 P.2d 66, this Court said:

"The rule which is recognized by the great weight of authority may be stated as follows: There is no presumption of guilt of burglary attaching to the mere possession of stolen property by the defendant, but such fact, if the alleged crime be of recent occurrence, has a tendency to prove his guilt, and if there be other proved circumstances tending to connect him with the commission of the offense, the fact of possession thus aided, will sustain a conviction. Drew v. State, [61] (Okl. Cr.App.) [48,] 65 P.(2d) 549, and cases cited."

▆ From the incident here related and from other circumstances shown in the record, we hold that the evidence was sufficient to support the verdict.

Defendant next contends that the Court erred in giving Instruction No. 5, which read as follows:

"You are instructed that the unexplained possession of recently stolen property found in the possession of one alleged to have stolen the same is a circumstance, which, if unsatisfactorily explained to the jury, may be considered in determining the guilt or innocence of the person charged with the theft thereof."

The exact instruction was given verbatim in Hall v. State, Okl.Cr., 312 P.2d 981, and the matter discussed at great length adversely to the defendant. Also, see the Weber case, supra.

Defendant complains that his requested Instruction should have been given and that the trial court erred in giving same. Defendant requested the following instruction:

"Evidence of possession of recently stolen property is insufficient to authorize a conviction for Larceny or Burglary, but it is a circumstance to be taken into consideration by the jury provided there is additional testimony, even though slight, evidencing supporting facts and circumstances to connect the defendant with the original asportation or breaking and entry."

We cannot agree with the defendant in his contentions. The defendant did not testify nor was an attempt to justify his possession of the property made. Under the circumstances of the case, we feel that the instruction as a whole fairly states the law in the case and defendant was not prejudiced by refusal to give the instruction. Instruction No. 5 correctly states the law in the case at bar. It was said by this Court in a number of cases:

"The instructions must be considered as a whole, and when considered together, if they fairly and correctly state the law applicable to the case, they will be sufficient." See Cole v. State, 18 Okl.Cr. 430, 195 P. 901; Moore v. State, 25 Okl.Cr. 118, 218 P. 1102;

Ned v. State, 29 Okl.Cr. 389, 233 P. 1096.

In the case at bar there were other circumstances considered along with the possession to support the jury's verdict. The car was broken into between 3 and 5 o'clock, defendant was apprehended within 3 blocks of the car about 5 o'clock in possession of the property stolen. We was unable to give a plausible explanation as to the possession. This creates enough circumstance along with the unexplained possession, to support the jury. We fail to see where defendant was prejudiced by failure to give the instruction.

Defendant next complains that the evidence acquired as a result of the arrest was not admissible in evidence. That no crime had been committed in the officer's presence. It had not come to the attention of the officer that a felony had been committed, nor that the defendant had committed a felony. The officer had no warrant and therefore was without authority to make the arrest or to search defendant and seize the property.

This Court takes an opposite view. The officer saw the defendant walking down the street with tools sticking out of his pockets and carrying a bowling bag, a convertible boot top, a pair of bowling shoes, a transistor radio, assorted tools, a blue pencil and a pair of sun glasses. He called defendant to the car and asked him to look at the items. The defendant voluntarily gave the articles to him without objection. He sat down in the car and talked to the officer and told him the items were not stolen. He then told the officer he found them in an alley, but couldn't tell which alley. This Court has held in State v. Chronister, Okl.Cr., 353 P.2d 493:

"For the purpose of preserving the peace and to prevent crime, a peace officer or private citizen may make reasonable inquiry of persons coming under his observation or brought to his knowledge under circumstances which reasonably suggest that a crime has been or is about to be committed."

In the case People v. West, 144 Cal.App. 2d 214, 300 P.2d 729, a very similar case involving the same question arose: The defendant had burglarized a locked auto stealing a quantity of male and female wearing apparel. He was observed by the officer walking down the street with a bundle of clothing under his arm. The officer started toward defendant who started walking away, then stopped and placed the clothing on the fender of the policeman's car and voluntarily showed them to the officer. He told the officer that they were his. The officer had defendant hold them up, and it was apparent that they would not fit. He then told them that he found the clothes. He was taken to the police station and it was subsequently discovered they were stolen. The officer had no warrant, the distinguishing factor being that it was at night. The California Court said:

"We are of the conclusion that there was in fact no search or seizure as the terms are used in the cases. The clothes were placed on the police car by the defendant voluntarily, and he started to unwrap them and show the items to the officers. As used in this connection, the term implies some exploratory investigation or an invasion and quest, a looking for or seeking out. The quest may be secret, intrusive or accomplished by force, and it has been held that a search implies some sort of force, either actual or constructive, much or little. A search implies a prying into hidden places for that which is concealed and that the object searched for has been hidden or intentionally put out of the way. While it has been said that ordinarily searching is a function of sight, it is generally held that the mere looking at that which is open to view is not a 'search'. A seizure contemplates a forcible dispossession of the owner and it is not a voluntary surrender."

It is to be noted that in the instant case the record is silent as to whether or not the officer had a warrant. There was no motion to suppress, and no objection to the introduction of the testimony concerning the items alleged to have been stolen. It is true that after Officer White had been examined, and cross-examined by the defense counsel, he asked that all his testimony concerning the bowling bag be stricken on the grounds that it was illegally taken into custody. The proper procedure would have been for the attorney for defendant to have filed a motion to suppress prior to entering his plea of guilty, or to have requested to withdraw his plea for the purpose of lodging a motion to suppress. This Court held in the case of Kelso v. State, 97 Okl.Cr. 215, 260 P.2d 864:

"Objection to evidence obtained by illegal search and seizure must be interposed at the first opportunity presented, either at the beginning of the trial by a motion to suppress, or in course of examination, as soon as it became apparent that the State will rely upon it. Otherwise, the defendant waives his right to be heard upon this question."

In the case of McGilvery v. State, 50 Okl. Cr. 376, 298 P. 312; this Court went further and said:

"Where the defendant pleads to the merits of a criminal action, he waives all objections to the illegality of his arrest."

■ We are of the opinion that the objections were neither timely nor sufficient. Defense counsel only asked that the testimony as to the bowling bag be stricken and there were other items, such as a pair of bowling shoes, boot to the convertible top, tools, and flashlight that were missing from Mrs. Assiter's car and found in possession of defendant.

For the above and foregoing reasons the Judgment and Sentence of the trial court is hereby affirmed.

BRETT and BUSSEY, JJ., concur.