## DUG LOGAN v. STATE.

No. A-6574.    Opinion Filed March 30, 1929.
(275 Pac. 657.)

Sylvester Grim and W. P. Hickok, for plaintiff in error.

Edwin Dabney, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

EDWARDS, P. J.  The plaintiff in error, hereinafter called defendant, was convicted in the district court of Beckham county of manslaughter in the first degree and was sentenced to serve a term of four years in the state penitentiary.

The defendant and Joe Collins were jointly charged

in the district court of Dewey county with the crime of manslaughter, alleged to have been committed by the defendant and said Collins while intoxicated by driving an automobile upon and against one Albert Edwards and thereby inflicting wounds from which he died. A change of venue was taken to Beckham county. A severance was granted and defendant tried, with the result stated. No complaint is made of the sufficiency of the evidence to support the judgment, and we deem it unnecessary to recite the facts further than to say that it is shown that at the time charged defendant and his codefendant, Collins, were in the front seat of an Oakland car and another person was in the back seat. The car was driven down the street of the little town of Camargo at a speed estimated at from 40 to 50 miles per hour. It was run against and upon one Albert Edwards and Frank Evans, who were standing near the curb. Edwards was so seriously injured that he died a few days later. Two jars of whisky were found in the car immediately after the collision and there is evidence that defendant and Collins were intoxicated.

The contentions argued are directed to instructions 12 and 13. Instruction 12 has application to the charge of murder, and, since defendant was not convicted of murder, but of manslaughter, it is unnecessary to discuss this instruction as defendant was not injured thereby. Byars v. State, 7 Okla. Cr. 650, 126 P. 252; Littleton v. State, 19 Okla. Cr. 461, 200 P. 716.

The objection made to instruction 13 is that it does not require that the jury find beyond a reasonable doubt that the driving of the automobile at an unlawful and excessive rate of speed was the proximate cause of death. The information charges murder under the third subdivision of section 1733, Comp. Stat. 1921, alleging death caused by an act done by persons engaged

in the commission of a felony; i. e., the driving of an automobile upon the public highway while intoxicated. The conviction evidently is of the included offense under the first subdivision of section 1740, Comp. Stat. 1921, an act causing death by one engaged in the commission of a misdemeanor; i. e., the driving of an automobile upon the highway at an unlawful and excessive rate of speed. Instruction 13 is as follows:

"But should you entertain a reasonable doubt of the defendant's guilt of the charge of murder, then you will next inquire as to whether or not the defendant is guilty of the offense of manslaughter in the first degree and if you find and believe from the evidence beyond a reasonable doubt that the defendant, Dug Logan, in Dewey county, Oklahoma, on or about the first day of May, 1926, or at any time within three years prior to the filing of the information in this case, to wit, the 10th day of May, 1926, while driving a certain Oakland automobile along the public highways of said Dewey county, or while the owner or in possession of said car, directed, permitted or encouraged one Joe Collins, while in said car with said Joe Collins, to drive said car along said highway at a rate of speed so great as to endanger the life or limb of other persons, or to drive or propel said motor vehicle at a rate of speed in excess of thirty-five miles an hour, and while in the commission of such misdemeanor did strike, and run over one Albert Edwards with said car and thereby inflict upon the said Albert Edwards certain mortal wounds of which the said Albert Edwards did on the 3d day of May, 1926, die, then in that event you should find the defendant, Dug Logan, guilty of manslaughter in the first degree and so say by your verdict."

It is insisted that the misdemeanor in the commission of which defendant was engaged must have been connected with or be the direct and proximate

cause of death. This contention is sound. Certainly, the commission of a misdemeanor in no way connected with the death is not what is meant by the law. For instance, it is unlawful to drive an automobile upon the public highway under certain conditions without displaying thereon a license tag for the current year; but surely no court would hold that because one was so operating a car and should be so unfortunate as to unintentionally and without fault strike and kill some person, that because he was engaged in the commission of a misdemeanor, the driving without license, an offense in no manner connected with the death, he would be guilty of manslaughter. Or if a person were driving an automobile at an unlawful rate of speed, and some person should intentionally project himself in front of the car, the driver, although engaged in a misdemeanor in driving at such excessive rate of speed, would be guilty of no offense for the reason that the misdemeanor which he was committing was not related to the death, or was not the proximate cause of death. This question is discussed in State v. Schaeffer, 96 Ohio St. 215, 117 N. E. 220, L. R. A. 1918B, 945, Ann. Cas. 1918E, 1137. The court there said:

"The seventh and last error complained of relates to the matter of proximate cause, and grows out of this part of the charge: 'If you shall find from the evidence, beyond a reasonable doubt, that this defendant, E. E. Schaeffer, was at that time violating the provisions of that act and struck this child with his automobile, and also find beyond a reasonable doubt that the child died from the effects of such injury, then your verdict should be guilty as charged in the indictment.'

"The trial court here, in effect, charged the correct legal proposition as to proximate cause, without, however, putting on the label. But it is not always necessary to use the term 'proximate' or 'proximate cause' in order to correctly charge thereon. No question was raised in dispute of the fact that the automo-

bile killed the child, and it further appearing that this was the undoubted result of the unreasonable and improper speed at which the automobile was then being operated, there was no prejudicial error resulting to the defendant. True, the language of the statute does not clearly indicate that death must be the proximate result of the unlawful act, since the word 'in' seems to indicate 'at the time thereof' rather than 'thereby.' Yet the safer and sounder doctrine seems to be recognized in most of the states that the unlawful act must be a proximate cause of the killing. So obvious and so manifest did this appear throughout the case that the defendant in error's counsel did not even suggest any further charge by the court upon the question of proximate cause."

A comparison of the instruction in the Schaeffer Case and the instruction here discloses that the instruction here is more specific than that in the Schaeffer Case, as it is here said:

"* * * And while in the commission of such misdemeanor did strike, and run over one Albert Edwards with said car and thereby inflict, * * * certain mortal wounds of which the said Albert Edwards did * * * die, then and in that event you should find the defendant, Dug Logan, guilty of manslaughter in the first degree."

The instruction does not use the term "proximate cause," but does substantially require that the jury shall find that the crime charged was committed in the commission of a misdemeanor. This court in many instances has held that an indictment or information need not follow the exact language of the statute in charging a statutory offense; upon the same principle it is not necessary that an instruction follow the exact language of the statute or the legal verbiage in stating a principle of law, if words of similar import are used.

Here it is undisputed that deceased was killed by the defendant and his codefendant in running an automobile against and over him. It is clear that the

300

unlawful operation of the automobile was the proximate cause of death and it would not have been reversible error if no instruction at all on this point had been given, particularly where no request was made. An instruction should be considered in connection with the evidence in the case. When so considered, if it is free from fundamental error or misstatement of law which may have misled the jury to the injury of the defendant, it is sufficient. It has frequently been said by this court that a conviction will not be reversed because the instructions may not be technically correct. Montgomery v. State, 19 Okla. Cr. 224, 199 P. 222.

Upon a consideration of the entire record we are thoroughly convinced that defendant had a fair trial, the instructions are free from any substantial error, and there is no miscarriage of justice.

The case is affirmed.

DAVENPORT and CHAPPELL, JJ., concur.