## J. H. PORTER v. STATE.

No. A-7562. Opinion Filed Feb. 7, 1931.
Rehearing Denied March 6, 1931.
(297 Pac. 305.)

Sid White, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

CHAPPELL, J. Plaintiff in error, hereinafter called defendant, was convicted in the superior court of Okmulgee county of the crime of manslaughter in the first degree, and his punishment fixed by the jury at imprisonment in the state penitentiary for seven years.

Counsel for defendant makes no contention that the evidence is insufficient to support the verdict of the jury.

Defendant raises but one question, and that is that the court erred in failing to instruct the jury that the injury complained of must be the proximate cause of the death, and particularly complains of instruction No. 13.

In the case of Logan v. State, 42 Okla. Cr. 294, 275 Pac. 657, this court had under consideration the question involved in this case, and there laid down the rule announced in paragraphs 1 and 2 of the syllabus in the case at bar.

Dr. M. K. McElhannon, testifying for the state, testified as follows:

"Q. And you made several trips, did you? A. Yes, sir, I treated her for a number of days.

"Q. Describe her condition on the successive trips you made. A. Well, there developed as a result of the injuries what is known as traumatic meningitis, inflamed condition of the brain which ran a very marked and decided course, characterized by those symptoms which characterize injuries of that kind, until the inflammatory condition so enveloped and so inflamed the brain as to take the life of the patient.

"Q. She did die? A. She did.

"Q. On what date did she die? A. My recollection is that it was 10 days after the injury, or fifteen.

"Q. Was her death caused by this injury she received? A. Yes, sir."

It conclusively appears from this evidence that the injury was the proximate cause of the death.

Defendant asked no other or further instructions. Under the facts as shown by the record, the instruction

complained of, while not a model one, was sufficient to advise the jury that they must find that the injury was the proximate cause of the death.

The record discloses an aggravated case of drunken driving. The evidence shows the defendant left behind him a trio of injured persons from Spelter City until he finally ran his car into a ditch at the east end of the town of Dewar, and that he never stopped to see what damage he had done or offer aid to any who had been injured.

The error complained of being without merit, the cause is affirmed.

DAVENPORT, P. J., and EDWARDS, J., concur.