Cecil STUMBLINGBEAR, Jr.,
Plaintiff in Error,
v.
STATE of Oklahoma, Defendant in Error.
No. A–13016.

Court of Criminal Appeals of Oklahoma.
Sept. 13, 1961.
As Corrected Oct. 3, 1961.

John W. Tyree, Lawton, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

BRETT, Judge.

This is an appeal by Cecil Stumblingbear, Jr., sixteen years of age, from a conviction in the district court of Caddo County, Oklahoma, for the crime of manslaughter in the second degree.

The prosecution was instituted by information, alleging that on March 5, 1961 Cecil Stumblingbear, Jr., and one Gerald Schrock did make a felonious assault and battery upon the body of Harvey Bullbear, Jr., in a heat of passion with their fists, and by kicking him, thereby inflicting mortal wounds, resulting in his death.

A severance was requested and Stumblingbear tried alone. The jury found him guilty and fixed his punishment at four years in the State Penitentiary. Judgment and sentence was entered accordingly, from which this appeal has been perfected.

Briefly, the conviction was had upon the following facts, in substance: The deceased, a man 23 years of age, met three boys, the defendant 16 years old, Gerald Schrock 16 years, and Pascal Poolaw 17 years of age, between 7 and 8 o'clock in the evening. Over a period of several hours the deceased purchased wine, whiskey, vodka and beer, the boys furnishing the money, and all of them became highly intoxicated. Poolaw testified that he left the other three in front of Miller's Confectionary in Anadarko, Oklahoma, about 11:30 p. m. and went home. The record discloses that thereafter Bullbear, Schrock and Stumblingbear went down to the railroad yards. While in that area, Gerald Schrock suggested to Stumblingbear that they whip Bullbear, and the fight ensued, with the result that the bloody effects were evidenced up and down the railroad tracks for about two blocks. About 10:45 the next morning, the body of Bullbear was found in the snow by the railway telegrapher, Frank Proctor, who reported the matter to the police. Deceased did not have on a coat or jacket, and it was bitterly cold, with snow on the ground.

The police, sheriff's force and highway patrolmen contacted the defendant, advised him of his constitutional rights and the fact that what he said might be used against him, then interrogated the defendant, and he admitted that he and Schrock fought Bullbear, and this defendant admitted hitting the deceased and kicking him.

Medical proof established that Bullbear died as the result of loss of blood and exposure. The doctor testified that the wounds resulting in loss of blood were inflicted by some blunt instrument.

The defendant sought by virtue of blood and hair being found on a box-car wheel to leave the circumstantial inference that deceased sustained the worst head wound as the result of falling against the wheel, possibly after Schrock and the defendant left the scene. In short, the defendant urges that Bullbear died as a result of drunkenness, falling against the box-car wheel, and from exposure. This is mere surmise from an evidentiary standpoint. The defendant testified that he did not remember anything that happened after he became drunk.

 This state of the record presented a conflict in the evidence for the sole

determination of the jury, and their verdict will not be disturbed where there is any evidence reasonably tending to sustain it. Drennan v. State, 69 Okl.Cr. 348, 102 P.2d 952; Sadler v. State, 84 Okl.Cr. 97, 179 P.2d 479. The same rule applies in convictions based upon circumstantial evidence reasonably and logically supporting the verdict of defendant's guilt. Titus v. State, 66 Okl.Cr. 1, 89 P.2d 375.

■ We are of the opinion that the trial court did not err in refusing to sustain the defendant's demurrer to the evidence, and his motion for a directed verdict.

The defendant's next contention is to the effect that the trial court erred in not giving his requested instructions Nos. 1 and 2, to the effect that if the jury did not find beyond a reasonable doubt that the assault of Bullbear was the proximate cause of death, then the jury should acquit the defendant. Defendant defined "proximate cause" in his requested instruction No. 2.

A review of the trial court's instructions discloses that in instruction No. 13 the court did instruct the jury as follows:

"You are further instructed that should you find and believe from the evidence, or entertain a reasonable doubt thereof, that the deceased, Harvey Bullbear, Jr., came to his death by reason of any other cause or causes than the acts of the defendants herein, you should resolve such doubt in favor of the defendant, and find him not guilty."

■ This instruction covered the defendant's theory to the effect that the defendant died as a result of having fallen against the car wheel, striking his head thereon. We must observe that there is no evidence to support this theory. Whether the blood and hair on the box-car wheel got there by a fall or by being smeared on by the hands of the deceased, or even by the hands of the accused is highly speculative. There is no evidence the defendant fell against the wheel after the altercation.

The defendant was entitled to an instruction covering his theory that the death was the proximate result of some cause other than the beating administered to Bullbear by defendant and Schrock. Instruction No. 13, stripped of technical legal terms, given in laymen's language, directed the jury's attention to that possibility and the jury found against the defendant. This instruction conformed to the rule announced in Logan v. State, 42 Okl.Cr. 294, 275 P. 657, wherein this court said:

"Where a defendant is convicted of manslaughter in causing death while engaged in the commission of a misdemeanor, the unlawful act relied upon as a predicate for manslaughter must be the proximate cause of death. Ordinarily the jury should be instructed in substance that, if they have a reasonable doubt as to the unlawful act being the proximate cause of death, they should acquit; in such case the instruction need not be in any particular words so long as the jury are correctly informed that the unlawful act must be the proximate cause of death."

The language used in instruction No. 13, though not employing the particular words included in defendant's requested instructions, did call to the jury's attention that if they should entertain a reasonable doubt that Bullbear's death was by reason of any other cause than the acts of the defendant, they should resolve such doubt in favor of the defendant and find him not guilty. This was just another way of telling the jury that if the beating was not the proximate cause of death, then the defendant would not be accountable and should be acquitted. Hence the trial court did not err in refusing the defendant's requested instructions 1 and 2, in light of the import of the court's instruction No. 13.

The judgment and sentence of the district court of Caddo County is, accordingly, affirmed.

NIX, P. J., and BUSSEY, J., concur.