William Lloyd GALLAWAY, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–15848.

Court of Criminal Appeals of Oklahoma.

Nov. 29, 1971.

Rehearing Denied Jan. 21, 1972.

Andrew T. Dalton, Jr., Appellate Public Defender, Tulsa County, for plaintiff in error.

Larry Derryberry, Atty. Gen., Gary M. Bush, Asst. Atty. Gen., for defendant in error.

BRETT, Judge.

Plaintiff in Error, William Lloyd Gallaway, hereafter referred to as defendant, was charged and tried before a jury in the District Court of Tulsa County, Case No. CRF–69–1946, with the crime of Murder. The jury found defendant guilty of First Degree Manslaughter, and fixed punishment at not less than 20 years, nor more than 60 years imprisonment. Judgment and sentence in accord with the verdict was imposed on February 2, 1970, and this appeal perfected therefrom.

Specifically, defendant was charged with having shot a gun from which a bullet struck and killed Patricia Ann Dial Gallaway, defendant's wife, on November 21, 1969. Briefly stated, the evidence established that on the day in question defendant came to the home of deceased's mother, and, after conversation with those present, defendant grabbed deceased and began backing out of the door with her in his arms. The defendant and Eddie Lee Rowe, brother of deceased, fired shots, and, during the exchange the deceased was struck. The uncontroverted evidence shows that Rowe only fired one shot which was projected into a shelf and could not have been the single, fatal shot which struck the deceased. One witness at the scene, Mrs. Cora Abraham, testified that it was a shot from defendant's gun that struck deceased. Rowe was firing a .32 caliber weapon and defendant fired a .25 caliber weapon. Dr. Leo Lowbeer, the examining pathologist, testified that the death was caused by a single bullet wound, and further gave his opinion that the fatal bullet was probably from a .25 caliber weapon. After deceased was shot, the defendant and Rowe took her to a hospital.

It is defendant's first proposition that the evidence is insufficient to support the verdict. Defendant argues that the death may have been caused by Rowe's shot, and not defendant's. The evidence does not

support this argument, and it is clear there was ample evidence from which the jury could conclude that defendant fired the fatal shot. Accordingly, the evidence was sufficient to support the verdict. Williams v. State, Okl.Cr., 373 P.2d 91.

■ It is defendant's second proposition that it was error for the trial court to give Instructions 7, 8, and 10 over defense objection because the court failed to instruct that to convict for Manslaughter, the unlawful act relied upon as a predicate for Manslaughter must be the proximate cause of death. Stumblingbear v. State, Okl.Cr., 364 P.2d 1115 (1961). Ordinarily the jury should be instructed, in substance, that if they have a reasonable doubt as to the unlawful act being the proximate cause of death, they should acquit. Logan v. State, 42 Okl.Cr. 294, 275 P. 657 (1929). Porter v. State, 50 Okl.Cr. 136, 297 P. 305 (1931). However, if upon the undisputed facts it clearly and conclusively appears that the unlawful act complained of was the proximate cause of death, a failure to charge on proximate cause, in the absence of a request, is not reversible error. Porter v. State, supra.

■ In the instant case defendant made no request for such an instruction on proximate cause, and we find no real dispute that the defendant's unlawful act was the proximate cause of death. Therefore, we find no merit to defendant's contention under the rule of Porter v. State, supra, and Logan v. State, supra, which held that where proximate cause was not disputed, no instruction was necessary, particularly absent a request.

■ Defendant's final proposition is that the sentence is excessive. We have found no errors or prejudicial matters in the record which would justify a modification. First Degree Manslaughter is punishable by imprisonment from four (4) years to life. 21 O.S.1961 § 715. Thus the sentence is within the limits set by law.

The judgment and sentence is hereby affirmed.

BUSSEY, P. J., concurs.