Theodore Jacques **EVANS**, Plaintiff in Error,

v.

The **STATE** of Oklahoma, Defendant in Error.

No. A–17151.

Court of Criminal Appeals of Oklahoma.

April 26, 1972.

Andrew T. Dalton, Jr., Appellate Public Defender, Tulsa County, for plaintiff in error.

Larry Derryberry, Atty. Gen., Fred H. Anderson, Asst. Atty. Gen., Frank Muret, Legal Intern, for defendant in error.

BUSSEY, Presiding Judge:

Theodore Jacques Evans, hereinafter referred to as defendant, was charged, tried and convicted in the District Court of Tulsa County, Oklahoma, for the offense of Possession of Marijuana; his punishment was fixed at seven (7) years imprisonment and

a Five Thousand Dollar ($5,000.00) fine, and from said judgment and sentence, a timely appeal has been perfected to this Court.

At the trial, Officer McMillen testified that on February 15, 1971, he was assigned to the narcotics division of the Tulsa Police Department. At approximately 3:15 p. m. on that day, he, Corporal McCollough and a confidential informant, were working in the vicinity of the Big Ten Pool Hall in Tulsa. He provided the informant with Ten Dollars ($10.00) and observed him go to a 1968 Pontiac occupied by three negro females and a negro male, parked in front of the pool hall. He observed a "change of hands" and the informant returned to the two officers' car. He handed the officer a match box which contained what appeared to be marijuana and Three Dollars ($3.00). The vehicle left the pool hall and the officers proceeded to follow it. They lost sight of it for approximately three (3) minutes before they saw it again. They radioed for assistance and the vehicle was stopped by Sergeant Fox. The female driver of the vehicle jumped out and ran back to Sergeant Fox's patrol car. Officer McMillen approached the vehicle and smelled a strong odor of what he associated to be burning marijuana. The defendant was seated in the left back seat of the vehicle. He asked the occupants to get out of the vehicle and observed marijuana seeds and stems in the front passenger seat. The defendant was carrying a black and white checked top coat over his arms as he stepped from the vehicle. The officer testified that "as he stepped up onto the curb, I could see match boxes fall to the ground around him." He testified that he picked up one of the boxes from the ground and found that they were the same type of boxes that they had received from the informant previously. All the match boxes contained what appeared to be marijuana. The three females and defendant were placed under arrest for possession of marijuana.

Sergeant Fox testified that he was on duty the afternoon in question. He received a broadcast from Officer McMillen concerning a 1968 blue Pontiac with California plates. He observed the vehicle pull over and stop and he stopped his vehicle directly behind it. The driver of the vehicle got out of her car and started back toward the police unit. He placed her in the police unit and returned to the Pontiac to help Officer McMillen. He further testified that he took possession of an overcoat from the defendant. He observed six or seven match boxes on the ground on the identical spot where the defendant was standing. He testified that he found a similar match box in the overcoat containing what appeared to be marijuana.

Joseph Norton testified he was employed as a chemist with the City-County Health Department. He testified that he received the exhibits from McMillen and McCollough and conducted microscopic and chemical examination of the contents therein. In his opinion, the substance contained in the match boxes was marijuana.

The defendant testified that he was a resident of California and was visiting in Tulsa while on vacation. He testified that he was introduced to Shirley Brewer by a friend who had arrived from California with him. He testified that Shirley arranged for him to have a date with Linda Owens. On the afternoon in question, he, Miss Brewer, Miss Owens and a young lady named Jackie, went to the pool hall. He and the others went inside the pool hall where he shot a game of pool, got a shoe shine and had a conversation with one Cecil Leonard. He denied any knowledge of any sale of marijuana in his car. He testified that he and the three females left together with Shirley Brewer driving his car. He did not own the overcoat and observed it for the first time when he was arrested. The defendant further testified that he picked up the coat from the floorboard because he was ordered to do so by the police officer and that he did not have any knowledge of the marijuana being in his car.

Harold Robertson testified that he was in the pool hall on the afternoon in question. He saw the defendant in the pool

hall and the defendant was not wearing a checked coat. On cross examination, he testified that he was being held in the Tulsa County Jail charged with armed robbery and was the cell mate of the defendant.

■ Defendant's first proposition asserts that the punishment was excessive. We have previously held that the question of excessiveness of punishment must be determined by a study of all the facts and circumstances in each particular case and the Court of Criminal Appeals does not have the power to modify sentence unless we can conscientiously say that under all facts and circumstances the sentence was so excessive as to shock the conscience of the Court. Roberts v. State, Okl.Cr., 473 P.2d 264. From the foregoing statement of facts, we cannot conscientiously say that the sentence imposed, although the maximum, shocks the conscience of this Court.

■■ The second proposition contends that the verdict is contrary to the evidence and that there was no showing that the defendant was actually in possession of marijuana. We are of the opinion that the evidence, although circumstantial, was sufficient to submit the question of the defendant's knowledge of the marijuana's presence to the jury. We have previously held that where there is evidence, although entirely circumstantial, from which the jury may reasonably and logically find the defendant guilty, the weight, credibility and probative effect of such evidence is for the jury, and the Court of Criminal Appeals will not disturb the verdict for insufficiency of evidence. Stumblingbear v. State, Okl. Cr., 364 P.2d 1115.

■ The final proposition asserts that the court erred in admitting physical evidence secured by illegal search and seizure. We are of the opinion that this proposition is patently frivolous. The officers had reasonable cause to believe that the offense of Sale of Marijuana had been committed by a person in defendant's vehicle. Upon approaching the vehicle, Officer McMillen smelled what appeared to be marijuana burning. As the passenger dismounted from the front seat, he observed marijuana seeds and stems laying on the seat. He next observed the match boxes falling from the defendant's overcoat to the ground in plain sight. We, therefore, find this proposition to be without merit.

In conclusion, we observe that the defendant was represented at the trial by a retained attorney. However, defendant is apparently now indigent and was represented on appeal by the Public Defender's office. Although there is no showing that defendant would still be indigent at the conclusion of his term of imprisonment, we are of the opinion that justice would best be served by modifying the judgment and sentence to a term of seven (7) years imprisonment and is so modified. Judgment and sentence is hereby modified and affirmed.

SIMMS, J., concurs.

BRETT, J., specially concurs.

BRETT, Judge (specially concurring).

Insofar as it appears that this is appellant's first conviction for possession of marihuana, and because this appeal was pending when the present law was changed by the legislature, notwithstanding the provisions of 63 O.S.1971, § 2–601, I would modify this sentence to one year and affirm.