Thomas Dewey LIME, and Martinez Lime, Appellants,

v.

The STATE of Oklahoma, Appellee.

No. A–17315.

Court of Criminal Appeals of Oklahoma.

March 29, 1973.

Miskovsky, Sullivan & Miskovsky, Oklahoma City, for appellants.

Larry Derryberry, Atty. Gen., Kay Karen Kennedy, Asst. Atty. Gen., for appellee.

## OPINION

BLISS, Presiding Judge:

Appellants, Thomas Dewey Lime and Martinez Lime, hereinafter referred to as defendants, were charged, tried and convicted in the District Court of Blaine County, Oklahoma, for the offense of Manslaughter in the First Degree. Their punishment was fixed at twenty-one (21) years and one (1) day imprisonment, and from said judgment and sentence, a timely appeal has been perfected to this Court.

Briefly stated, the evidence at the trial adduced that on November 2, 1968, Dr. George B. Roop, an osteopathic surgeon, was summoned to the home of defendants to examine one Pearl Old Bear. Dr. Roop testified that Pearl Old Bear's condition was serious, that she appeared to have been "pretty terribly abused," that her head was bruised, that there was considerable blood and that she was in a coma. She was then taken by ambulance to the hospital in Clinton. Dr. Gary Hays testified that he subsequently examined Pearl Old

Bear at the hospital on the same date and testified that she was partially paralyzed, had a contusion on the right side of her head and had other lacerations and bruises. The doctor testified that he performed surgery to remove a blood clot from her brain. The doctor further testified that the brain damage and injuries sustained by the victim could have been caused by a severe blow to the skull, that the victim's condition deteriorated and that she died on November 5, 1968. A subsequent autopsy by Dr. Hays indicated that the brain injury was the only cause of death and that the brain injury would have occurred 24 hours or more earlier.

Jo Anne Bowman testified that in the early morning hours of November 2, 1968, she saw Martinez Lime grab the victim by the shirt and hit the victim's head against the wall three times.

Wayne Harrington then testified that he saw the defendants beat the victim and kick her, that Martinez Lime also stomped the victim and that Thomas Lime struck the victim with his fist.

The defendants did not testify in their own behalf, nor did they present any evidence.

Defendants first contend that the district attorney, in closing argument, misrepresented the substantive law concerning the misdemeanor-manslaughter doctrine and, therefore, the trial court erred in failing to declare a mistrial or admonish the jury. With this contention this Court cannot agree.

The district attorney, in his closing argument, stated without objection:

"We have set out in the information, ladies and gentlemen, two instances, two reasons why under the law in this case, we believe, that the defendants are guilty of manslaughter in the first degree. The first is that they in fact were engaged in the commission of a misdemeanor, the misdemeanor is assault and battery and to that extent I suppose they are guilty of it, that they are guilty, ladies and gentlemen of the death, the homicide that resulted from the assault

and battery. Assault and Battery is a misdemeanor and if you find that they were committing that misdemeanor and that from the commission of that misdemeanor, the assault and battery on Brownie, a death occurred, her death occurred, then they are guilty of manslaughter in the first degree, even though they had no motive to have her receive a death sentence from that beating."

He also later stated without objection:

"The only evidence goes to whether or not they were committing the misdemeanor of assault and battery on Brownie and her death resulted and/or they killed her in a cruel and unusual manner, thus making it manslaughter in the first degree."

Defendants argue that under Oklahoma law, the felony-murder doctrine requires that the precedent felony must constitute an independent crime not included within the resulting homicide; and that the same rule of law should apply to the misdemeanor-manslaughter doctrine. Defendants cite no authority for their contention concerning the equivalence of the two doctrines, but urge that the misdemeanor relied upon cannot be an includable offense to the homicide, since to otherwise hold would allow the jury to find defendants guilty of manslaughter in the first degree, without finding that defendants acted in a cruel and unusual manner.

This Court has held on numerous occasions that if the misdemeanor-manslaughter doctrine is relied upon to obtain a conviction of manslaughter in the first degree, then the unlawful act constituting the misdemeanor must be the proximate cause of death. Logan v. State, 42 Okl.Cr. 294, 275 P. 657; Stumblingbear v. State, Okl.Cr., 364 P.2d 1115; and Gallaway v. State, Okl.Cr., 492 P.2d 368.

In Logan v. State, *supra,* this Court stated in the second paragraph of the Syllabus:

"Where a defendant is convicted of manslaughter in causing death while engaged in the commission of a misde-

meanor, the unlawful act relied upon as a predicate for manslaughter must be the proximate cause of death. Ordinarily the jury should be instructed in substance that, if they have a reasonable doubt as to the unlawful act being the proximate cause of death, they should acquit; in such case the instruction need not be in any particular words so long as the jury are correctly informed that the unlawful act must be the proximate cause of death."

Defendant in the *Stumblingbear* case, was involved in a fight with the decedent, and the assault and battery was the predicate unlawful act. This Court cited the *Logan* case with approval and held the instruction on proximate cause sufficient.

In Gallaway v. State, *supra,* defendant and decedent's brother were exchanging shots, and the decedent was struck and killed. This Court held that ordinarily the jury should be instructed as to proximate cause. However, if the undisputed facts were clear that the unlawful act was the proximate cause of death, a failure to so instruct, in the absence of a requested instruction, is not reversible error.

In the instant case, defendants failed to object to the argument of the district attorney and request an admonishment. The error cannot be raised for the first time on appeal or in the motion for new trial. Overstreet v. State, Okl.Cr., 483 P.2d 738. For the reasons set out above, the argument was not a misrepresentation of the substantive law. The undisputed facts are clear that the beating was the proximate cause of death. Defendants' first proposition is, therefore, without merit.

Defendants next contend that the trial court erred in failing to admonish the jury upon every adjournment and recess as required by 22 O.S. § 854. The record reflects that the trial judge gave the general admonishment required by statute when the jury recessed for lunch on the first day in the custody of the bailiff. The trial judge in his general admonition also stated, "Let me give you this admonition that will carry forward at any time we take a recess whether I remember to give it to you or not." The record shows that upon adjournment of the trial at the end of the first day, the full admonition was again given. The record does reflect that, without objection, the trial court failed to admonish the jury prior to two short recesses and prior to recessing for lunch on the second day when the jury left in the custody of a bailiff.

In Rutherford v. State, 95 Okl.Cr. 311, 245 P.2d 96, this Court, citing State v. Stackhouse, 24 Kan. 445, with approval, held as follows:

"'* * * (W)hen the recess is brief, and an admonition is previously given, and extends by its terms during the whole trial, and the record discloses a trial otherwise fair and impartial, it seems like sacrificing substance to form to reverse a judgment and compel a new trial for an error as trivial and unlikely to have wrought injury. * * *'"

This Court then went on to hold that counsel for defendant waived the oversight.

In Crabtree v. State, Okl.Cr., 339 P.2d 1066, where the trial court again failed to re-admonish prior to a brief recess, the Court held that the record did not reflect that any substantial right of the defendant had been violated, and the objection was waived.

It is arguable that the recess for lunch was sufficiently long to require the general admonishment. However, an examination of the record reflects nothing to show a violation of a substantial right of defendants. The jury was with the bailiff. It is presumed that the court's officers perform their duties. Galbert v. State, Okl. Cr., 278 P.2d 245. Defendants failed to object or request an admonishment on any occasion which amounts to a waiver; and any error is, in the opinion of this Court after a careful reading of the record, harmless error. Defendants' second contention is without merit.

Defendants' last contention is that the sentence was excessive. Title 21 O.S. § 715 sets punishment for manslaughter in the first degree to be "not less than 4 years." A sentence of twenty-one (21) years and one (1) day is not excessive under the circumstances reflected by the record; and defendants' last contention is, therefore, without merit.

From a consideration of the record as a whole, we do not find that defendants have been deprived of a substantial right, but that the issues were fairly presented to the jury and that defendants received a fair and impartial trial.

The verdict and judgment appealed from is, accordingly, affirmed.

BRETT and BUSSEY, JJ., concur.