Kenneth Wayne RUTH, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–77–21.

Court of Criminal Appeals of Oklahoma.

July 24, 1978.

Rehearing Denied Oct. 16, 1978.

Robert N. McIlroy, Norman, for appellant.

Kenneth Wayne Ruth, pro se.

Larry Derryberry, Atty. Gen., Robert L. McDonald, Asst. Atty. Gen., Donnie G. Pope, Legal Intern, for appellee.

## OPINION

PER CURIAM:

Appellant, Kenneth Wayne Ruth, was charged in the District Court, Cleveland County, Case No. CRF–76–149, with the offense of Murder in the Second Degree, in violation of 21 O.S.Supp.1973, § 701.2. He was tried before a jury and convicted of the lesser included offense of Manslaughter in the First Degree, 21 O.S.1971, § 711. His punishment was fixed by the jury at four (4) years under the direction and control of the Department of Corrections of the State of Oklahoma in accordance with 21 O.S. 1971, § 715. From said judgment and sentence a timely appeal has been perfected to this Court.

The State's theory of the case was that the killing of the deceased was premeditated and intentional, that the defendant provoked the attack by the deceased by retiring to his room and returning with a loaded pistol, and that he therefore could not claim that the killing was either justifiable homicide or in self-defense. The defendant's theory was that he fired the four shots at the deceased in necessary self-defense and that he had not intended to kill or injure the deceased. The defendant testified that

he had brought the gun into the room where the deceased was, intending to persuade the deceased to leave the rooming house.

The defendant first complains that the instruction which stated that the jury could find him guilty of manslaughter in the first degree if they found that he had shot and killed Jeffrey D. Windham "without intent to cause his death but while defendant was engaged in the commission of a misdemeanor, *which misdemeanor was in itself the contributing cause of the shooting of the deceased and without which he would not have died*" (emphasis added) was reversible error. The defendant had requested an instruction defining proximate cause as "that which produces an injury directly, or in the natural and normal sequence of events without the intervention of any independent, intervening cause. It is the direct and immediate cause, the predominant cause which, acting directly or in the natural sequence of events, produces the resulting injury, and without which the injury would not have occurred."

█ In *Stumblingbear v. State*, Okl.Cr., 364 P.2d 1115 (1961), this Court upheld an instruction on proximate cause in a misdemeanor manslaughter case which read as follows:

" 'You are further instructed that should you find and believe from the evidence, or entertain a reasonable doubt thereof, that the deceased, Harvey Bullbear, Jr., came to his death by reason of any other cause or causes than the acts of the defendants herein, you should resolve such doubt in favor of the defendant, and find him not guilty.' "

The instruction in the instant case is more precise than that in *Stumblingbear.* Therefore, we hold that the instruction requiring that the misdemeanor in a misdemeanor manslaughter case be "the contributing cause of the shooting of the deceased, and without which he would not have died," while not in legal language, is an adequate instruction on proximate cause.

Next, the defendant contends that the trial court committed error in giving Instruction No. 12, pertaining to self-defense, which states in pertinent part as follows:

"The law of self defense is given citizens for their protection, and it cannot be pleaded as a defense by an aggressor or one who voluntarily enters into difficulty. Mere words, irrespective of how insulting, obscene, or vexations, will never justify an assault as 'self defense.' Under appropriate circumstances, the threat of an attack may justify it."

The defendant argues that the jury should have been instructed as to the intent of the defendant at the time he entered into the difficulty. In support of his argument, he cites *Swan v. State*, 13 Okl.Cr. 546, 165 P. 627 (1917), in which we held that an instruction on self-defense was wrong in that it:

"[M]akes no mention of the intent with which the difficulty must be provoked, and we find no place in the instructions where this defect is cured. The instruction says:

" 'If you believe that this defendant armed himself and sought the deceased for the purpose of provoking and engaging in a difficulty, and in furtherance of such plan did invite and provoke a difficulty, and then and there shot and killed his adversary, the defendant cannot invoke the right of self-defense.' "

"This is not the law. The difficulty must be prepared, sought, and provoked for the purpose and with the intent upon the part of the accused to take the life of the deceased."

We think the Court in this early case said more than was necessary to reach its holding on self-defense. In *Swan*, the altercation began with angry words by Swan and resulted in Swan shooting and killing the deceased. Swan claimed that he had shot in self-defense, and there was testimony that the deceased had reached for his own pistol before the defendant drew his. The issue the Court was trying to reach was what type of aggressive or provocative behavior would deprive a person of the right of self-defense. Although the court's language was overbroad, it held only that

words alone do not necessarily rule out self-defense. As the Court stated in *Swan v. State*, supra, 165 P. at page 631:

"The proof in this case discloses the fact that this homicide occurred upon the premises of the plaintiff in error; that the deceased was a trespasser in his pasture and driving stock into the same unlawfully; that the plaintiff in error had a right to be where he was; and that under the particular circumstances had a right to remonstrate with the deceased for turning the herd of cattle into his premises. . . . There can be no question but that the plaintiff in error had a right to complain of Hodge [the victim] for turning the cattle in on him and for being on the premises himself. This controversy began with just such complaint having been made, and the rapid exchange of bitter remarks which followed merged into the homicide. It therefore was necessary for the court to put the burden of this instruction upon the intent of the accused at the time and to protect him with a proper instruction explaining to the jury how far he might lawfully go under the circumstances before losing the right of self-defense."

This Court has always held that the right of self-defense cannot be invoked by an aggressor or by one who voluntarily enters into a difficulty armed with a deadly weapon, no matter how great his or per peril becomes. *McDaniel v. State*, 8 Okl.Cr. 209, 127 P. 358 (1912); *Price v. State*, Okl. Cr., 541 P.2d 373 (1975). When the facts of the case demand it, this general statement of the law must be supplemented with instructions on such issues as withdrawal by an aggressor, but this statement is the core of the law of self-defense. Therefore, to the extent that *Swan* is inconsistent with that rule in that it requires that a party must be an aggressor or provoke a difficulty *with the intent of killing the other person* in order to be deprived of the right of self-defense that case is expressly overruled. The instruction given by the trial court in the instant case fairly and clearly states the law of self-defense.

The defendant's final assignment of error is that his "demurrer to the evidence," more properly termed a motion for directed verdict, should have been granted on the ground that the State failed to prove the death of the individual named as the victim in the information. Because the information alleged the death of Jeffrey D. Windham and the autopsy report lists the victim's name as Jeffrey Windham, the defendant argues that the State failed to prove the corpus delicti.

The discrepancy in spelling is a mere clerical error. As we observed in *Hudson v. State*, 78 Okl.Cr. 160, 145 P.2d 774 (1944), this Court will not lend its approval to uphold extremely technical propositions of error which tend to obstruct and defeat the administration of justice.

In his petition for rehearing, defendant's counsel called to the attention of this Court our erroneous statement in the original opinion which has this date been withdrawn and this opinion substituted therefor. After carefully considering the brief filed by counsel in support of the petition for rehearing, we are of the opinion that said petition for rehearing should be and the same is, hereby, *DENIED.*

The defendant has filed a pro se petition for rehearing attacking the competency of counsel. Re-examination of the trial court record and briefs filed by counsel fortifies our original conclusion that Robert N. McIlroy ably and diligently represented the defendant in the trial court and on appeal. The pro se petition for rehearing is accordingly found to be without merit and is, therefore, *DENIED.*

The judgment and sentence appealed from is *AFFIRMED*, and the Clerk of this Court is directed to issue the mandate forthwith.

BUSSEY, P. J., not participating.