**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 14 1998**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

RONNIE J. DUNFORD,

    Petitioner-Appellant,

v.

STEVE HARGETT,

    Respondent-Appellee.

No. 97-6365
(D.C. No. 97-CV-455)
(W.D. Okla.)

ORDER AND JUDGMENT[*]

Before SEYMOUR, Chief Judge, BRORBY, and BRISCOE, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. Therefore, the case is ordered submitted without oral argument.

Ronnie Dunford, a state inmate appearing pro se, seeks a certificate of appealability to appeal the district court's dismissal of his motion to vacate, set

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2254. Because Dunford has failed to make "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), we deny his request for a certificate of appealability and dismiss the appeal.

Dunford's conviction of first degree murder and his sentence of life imprisonment were affirmed on appeal. Dunford v. State, 702 P.2d 1051 (Okl. Crim. App. 1985). In his § 2254 petition, he alleged the trial court erred by failing to submit a self-defense instruction to the jury and he received ineffective assistance of trial counsel. The district court adopted the magistrate's recommendation that the petition be denied.

**Self-defense instruction**

As a general rule, errors in jury instructions in a state criminal trial are not reviewable in a federal habeas proceeding, unless they are so fundamentally unfair as to deprive the petitioner of a fair trial and due process of law. Nguyen v. Reynolds, 131 F.3d 1340, 1357 (10th Cir. 1997). The burden of demonstrating the failure to give a self-defense instruction was so prejudicial that it will support a collateral attack on the constitutional validity of a state court's judgment is even greater than the showing required to establish plain error on direct appeal. See id. The question is whether the failure to give such instruction so infected the trial that the resulting conviction violates due process. See id.

-2-

The magistrate addressed the merits of Dunford's claim and concluded he had failed to present sufficient evidence of self-defense and that he was not entitled to such an instruction under Oklahoma law. [1] We have reviewed the entire record on appeal and agree with the magistrate's conclusion. Accordingly, Dunford has not met his high burden of establishing the court's failure to give a self-defense instruction "so infected the trial that the resulting conviction violates due process." Dunford is not entitled to habeas relief on this claim.

## Ineffective assistance of trial counsel

Dunford contends his trial counsel (1) failed to investigate the law and facts that would have supported self defense; (2) presented testimony that supported an alibi defense after initially arguing self defense; and (3) failed to request or offer a self-defense instruction.

To obtain post-conviction relief for ineffective assistance of counsel, a petitioner must demonstrate counsel's performance was constitutionally deficient, i.e., it fell below an objective standard of reasonableness, Strickland v. Washington, 466 U.S. 668, 688 (1984), and there is a reasonable probability that, but for counsel's errors, the outcome of the proceedings would have been

---

[1] The magistrate held the defense of self defense "is not available to one who was at fault in provoking an affray or to one who voluntarily enters into one. This is true even if during the course of the affray, the initial aggressor finds himself or herself in imminent danger." Ruth v. State, 581 P.2d 919, 922 (Okla. Crim. App. 1978). Record I, Doc. 279 at 3.

-3-

different, Kimmelman v. Morrison, 477 U.S. 365, 375 (1986); Williamson v. Ward, 110 F.3d 1508, 1514 (10th Cir. 1997). In determining whether a petitioner received effective assistance of counsel, we "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689.

It is clear from testimony presented during Dunford's case that his counsel investigated self defense. Counsel elicited testimony that the victim had instigated a confrontation with Dunford on the night prior to the incident and that the victim was armed at the time he was shot. Unfortunately for Dunford, this testimony did not establish Dunford acted in self defense under Oklahoma law.

Dunford's claim that trial counsel erroneously elicited alibi testimony was also addressed by the magistrate:

> The record shows that counsel for the Petitioner called Mrs. Butler, the Petitioner's mother-in-law, as his final witness. Each of the prior witnesses, both for the prosecution and the defense, had placed the Petitioner at the scene of the crime. Mrs. Butler, however, stated that the Petitioner was at home with her at the time of the crime. During closing argument, the prosecution made a concerted effort to establish that her testimony in this respect was unbelievable. In responding to this argument, counsel for the Petitioner admitted that he too found Mrs. Butler's testimony unbelievable. He went on to state that he had not intended to elicit alibi testimony from her, but had sought other information. It thus appears that Mrs. Butler's response to counsel's questioning was not intended. However, even assuming this constituted error on the part of
>
> counsel, the undersigned finds that the Petitioner was not prejudiced by the error, in light of the overwhelming weight of the evidence against him.

-4-

Record I, Doc. 279 at 9.  After reviewing the record, we agree with the magistrate's conclusion that, in light of the overwhelming weight of evidence, Dunford was not prejudiced by his counsel's apparently unintended presentation of an alibi witness.

Dunford also argues his counsel was ineffective for failing to request a self-defense instruction.  The record does not reflect whether Dunford's counsel requested or offered a self-defense instruction but, as noted above, counsel did attempt to present a theory of self defense.  However, as we have stated, Dunford was not entitled to a self-defense instruction under Oklahoma law.  Therefore, counsel did not err in failing to request such an instruction.

The request for a certificate of appealability is DENIED and this appeal is DISMISSED.  The mandate shall issue forthwith.

Entered for the Court

Mary Beck Briscoe
Circuit Judge

-5-