2010 OK CR 15

**STATE of Oklahoma, Appellant**

v.

**Torrez CEASAR, Appellee.**

No. S–2009–366.

Court of Criminal Appeals of Oklahoma.

July 19, 2010.

Emilie Kirkpatrick, Jacqui Ford, Assistant Public Defender, Oklahoma City, OK, counsel for appellant at trial and appeal.

Jennifer Chance, Assistant District Attorney, Oklahoma City, OK, counsel for the State at trial and appeal.

## OPINION

C. JOHNSON, Presiding Judge.

¶ 1 On July 25, 2008, Appellee Ceasar was charged with Count 1, First Degree Manslaughter in the commission of a misdemeanor, to wit, Driving while Privilege Suspended, and Count 2, Leaving the Scene of an Accident Resulting in Death, both after former conviction of two or more felonies, in Oklahoma County Case No. CF–2008–4264. Ceasar's preliminary hearing was conducted on March 3 and March 31, 2009. At the conclusion of the March 3, 2009 hearing, the State amended Count 1 to charge Ceasar with First Degree Manslaughter in the Commission of a Misdemeanor, to wit, "Driving while Privilege Revoked", and amended Count 2 to allege that Ceasar left the scene of a nonfatal injury. The Honorable D. Fred Doak, Special Judge, requested that the parties reappear on March 31, 2009, prepared to answer the question whether Ceasar should be charged with some lesser offense if the misdemeanor with which he was charged "was wholly unrelated to the death of the victim." Judge Doak stated that Ceasar's driving was the cause of the victim's death, not "the lack of an effective piece of paper in his wallet".

¶ 2 The parties appeared on March 31, 2009, and the State moved to further amend the information to include the alternative Count 1 of Leaving the Scene of a Fatality Accident. After hearing argument from the parties, Judge Doak sustained Ceasar's demurrer finding that the predicate misdemeanor in this case bore no causal relationship to the incident which resulted in the victim's death. The State appealed the ruling to the District Court, and on April 20, 2009, the District Court of Oklahoma County, the Honorable Ray C. Elliott, District Judge, affirmed the magistrate's ruling, finding that as a matter of law, the misdemeanor of Driving While Privilege Revoked cannot be used as the predicate misdemeanor in a Misdemeanor Manslaughter charge. From this ruling, the State appeals.

¶ 3 This case raises the single issue of whether the District Court erred in ruling that as a matter of law the offense of Driving While Privilege Revoked cannot be used as a predicate misdemeanor for the crime of misdemeanor manslaughter. We **REVERSE** the District Court's ruling and **REMAND** the matter for further proceedings consistent with this opinion.

¶ 4 On July 8, 2008, Jasmine Lee and Rosemary Taylor were struck by a 2000 Green Chevrolet Impala while crossing the street. Ms. Lee was killed, Ms. Taylor was severely injured, and the driver of the vehicle fled the scene. The day after the accident, Ceasar's girlfriend noticed that his vehicle—a 2000 Green Chevy Impala—had a cracked windshield and a dented hood. Subsequent investigation of the accident revealed pieces of the vehicle recovered from the accident scene matched missing pieces on Ceasar's vehicle. Ceasar was ultimately arrested and charged based on additional information establishing his identity as the vehicle's driver. At the time of this offense, Ceasar had three prior felony convictions.

¶ 5 On February 14, 2005, approximately 3½ years prior to the accident, Ceasar's license was revoked following felony convictions for Possession of a Controlled Dangerous Substance in Oklahoma County Case Nos. CF–2004–953 and CF–2004–1749. Preliminary hearing testimony established, circumstantially, that Ceasar was driving the vehicle that hit the victims, resulting in the death of one of the women and severe injury of the other. Ms. Taylor testified that she and Ms. Lee were crossing the street after waiting for the light to change when they were struck by a vehicle, subsequently identified as belonging to Ceasar. The State admitted evidence at preliminary hearing establishing that Ceasar's license was revoked

and had not been reinstated at the time of the accident.[1]

¶ 6 At the conclusion of the initial portion of the preliminary hearing, Judge Doak asked the parties to brief the issue of whether the misdemeanor manslaughter charge was proper, considering that Ceasar's driving without "an effective piece of paper in his pocket" was not the cause of the victim's death. Judge Doak, citing to this Court's 1929 decision in *Logan v. State*, 42 Okl. Cr. 294, 298, 275 P. 657, 658(1929), ultimately concluded the State had failed to show that Ceasar's driving while privilege revoked was the "direct and proximate cause" of Ms. Lee's death. Judge Elliott affirmed that ruling, finding that as a matter of law, Driving While Privilege Revoked cannot serve as the predicate offense for a charge of misdemeanor manslaughter.

¶ 7 We respectfully disagree with the district court's conclusion. Misdemeanor manslaughter is codified at 21 O.S.2001, § 711(1). A homicide is misdemeanor manslaughter when it is perpetrated without a design to effect death by a person engaged in the commission of a misdemeanor. *Bell v. State*, 2007 OK CR 43, ¶ 3, 172 P.3d 622, 623–624. As this Court noted in *Bell*, the statute does not distinguish among the type or category of misdemeanor which can be used as the underlying offense in a misdemeanor manslaughter charge. *Id.* It is clear that the misdemeanor of Driving While Privilege Revoked can be used as the underlying offense in a misdemeanor manslaughter charge. Judge Elliott's ruling, finding otherwise, was error.

¶ 8 We also find it was error for Judge Doak to conclude that there was no causation between the underlying misdemeanor and Ms. Lee's death. Characterizing Ceasar's actions as nothing more than driving without an "effective piece of paper" ignores the gravity of the revocation sanction imposed against him.

¶ 9 Driving is a privilege, not a right. "The Oklahoma state government regulates the activity of driving on the state's highways in the interest of the public's safety and general welfare." *Kane v. State*, 1996 OK CR 14, ¶ 15, 915 P.2d 932, 937. The act of revoking the privilege to drive is a determination that the individual is not fit to participate in the regulated activity of operating an automobile. The revocation of an individual's privilege to drive based upon the conviction of a drug offense serves the legitimate interest of protecting the public from the dangers presented by potentially impaired drivers. *See Kane*, 1996 OK CR 14, ¶ 16, 915 P.2d at 937 (suspension of individual's privilege to drive based upon failure of a chemical test for blood alcohol serves the legitimate interest of protecting the public from the dangers presented by drunk driving). Driving while the privilege is revoked is much more than just operating a vehicle "without an effective piece of paper."

¶ 10 This Court has recently seen several cases requesting guidance regarding application of the misdemeanor manslaughter statute. Those inquiring seek the establishment of some hard and fast rule regarding the application of this intentionally broad statute, asking for a check list of sorts denoting which misdemeanors can and cannot serve as the basis for a misdemeanor manslaughter charge. That issue was addressed by this Court in *Bell*, and the scope of the statute is apparent from the plain language written into it by the legislature. By design, the statute does not distinguish among the type or category of misdemeanor which can be used as the underlying offense in a misdemeanor manslaughter charge, providing that any misdemeanor satisfies the initial step in charging misdemeanor manslaughter. *See*, 21 O.S.2001, § 711(1); *Bell*, 2007 OK CR 43, ¶ 3, 172 P.3d at 623–624.

¶ 11 Instead, the focus should be on whether the underlying misdemeanor offense was causally related to the decedent's death. A single test of casual relation, often referred

---

1. State's Exhibit 10, admitted at preliminary hearing, was a certified copy of a report from the Department of Public Safety verifying the current status of Ceasar's driver's license which indicated that the license was revoked (mandatory) for a violation on February 14, 2005, and had never been reinstated.

to as "proximate cause," is applied to all types of criminal homicide, and focuses on whether the defendant's conduct was a substantial factor in bringing about the victim's death. OUJI–CR 2nd No. 4–60; see also *Chandler v. State,* 79 Okl.Cr. 323, 333, 146 P.2d 598, 603 (1944); *Logan v. State,* 42 Okl.Cr. 294, 298, 275 P. 657, 658 (1929). That other factors may have contributed to the death does not necessarily absolve the defendant of criminal liability for homicide in the commission of a misdemeanor. *See Eby v. State,* 1985 OK CR 80, ¶ 4, 702 P.2d 1047, 1049; *Porter v. State,* 50 Okl.Cr. 136, 137–38, 297 P. 305, 306 (1931).

¶ 12 This Court has previously recognized that proximate cause would be absent where a defendant unintentionally and otherwise without culpability struck and killed a person while driving without a vehicle license tag. *See Logan,* 42 Okl.Cr. at 298, 275 P. at 658. Likewise, proximate cause would be absent where a defendant struck and killed a person who had intentionally thrust himself into the path of the defendant's automobile while the defendant was driving at an excessive rate of speed. *Id.* In short, review of the facts supporting the underlying misdemeanor and causation between misdemeanor and the resulting death is necessary to avoid a miscarriage of justice. Once all the facts are fleshed out, the defendant's actions may or may not have constituted a substantial factor in the victim's death.

¶ 13 The assumption in this case was that Ceasar's revoked license was merely a missing piece of paper. Review of the underlying facts reveals that Ceasar was involved in an offense against the public safety and welfare. Had Ceasar not been driving, safely or unsafely, Ms. Lee would still be alive and Ms. Taylor would not have been injured. Ceasar's conduct—driving a vehicle while the privilege was revoked—was a substantial factor in bringing about Ms. Lee's death and Ms. Taylor's injuries.

### DECISION

¶ 14 The order of the District Court of Oklahoma County in Case No. CF–2008–4264 is **REVERSED** and the matter is **RE-MANDED** to the District Court for further proceedings consistent with this opinion. Pursuant to Rule 3.15, *Rules of the Oklahoma Court of Criminal Appeals,* Title 22, Ch. 18, App. (2010), the **MANDATE** is **OR-DERED** issued upon the deliver and filing of this decision.

A. JOHNSON, V.P.J., LUMPKIN and LEWIS, JJ.: concur.